Jim R. HOUSLEY, Plaintiff–Appellant,

v.

C.D. DODSON; Larry Williams; Ed Covey; Rick Webb; J.M. Kelly; and Oklahoma Department of Health, Defendants–Appellees.

No. 93–6196.

United States Court of Appeals,
Tenth Circuit.

Nov. 29, 1994.

598

Jim R. Housley, pro se.

David J. Richman and Martin D. Beier, Coghill & Goodspeed, P.C., Denver, CO, for plaintiff-appellant.

Jack L. Atkinson, Asst. Dist. Atty., and Dennis A. Smith, Asst. Dist. Atty., Arapaho, OK, for defendants-appellees.

Before KELLY, McKAY, and REAVLEY,* Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

■ Mr. Housley appeals from the dismissal of his civil rights claim, under Fed. R.Civ.P. 12(b)(6) for failure to state a claim, stemming from his alleged unconstitutional treatment in the Custer County Jail. The sufficiency of a complaint is a question of law which we review *de novo. Ayala v. Joy Mfg.*

*Co.,* 877 F.2d 846 (10th Cir.1989). "We will uphold a dismissal only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). For purposes of making this determination, we accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991).

Mr. Housley has made two basic claims which would entitle him to relief. First, he claims he was denied all access to any legal resources during his six-month confinement. Mr. Housley also claims that he was allowed only thirty minutes of out-of-cell exercise during a three-month period.[1] Taking these allegations as true, Mr. Housley has stated a claim for relief under 42 U.S.C. § 1983, and this case was dismissed prematurely.

■ "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). This court has held that the constitutional right recognized in *Bounds* "to adequate, effective and meaningful access to the courts" extends to county jails. *Love v. Summit County,* 776 F.2d 908, 912 (10th Cir.1985), *cert. denied,* 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986). *See Straub v. Monge,* 815 F.2d 1467, 1469–70 (11th Cir. 1987), *cert. denied,* 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 363 (1988). Mr. Housley has claimed that he had neither access to legal materials nor to counsel. Thus, further pro-

---

* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

1. In his complaint to the district court, Mr. Housley listed several other violations of his personal rights that he asserted arose to cruel and unusual punishment: his food was inadequate, he was refused medical attention, he had no way to summon a jailor to his cell, the jailers would not certify the amount in his prison account, his stamps and pencils were confiscated, he was not allowed pencils over two inches long, and he was denied trustee status. As Mr. Housley no longer urges these grounds on appeal, we do not address the merits of these claims.

ceedings are required to determine the validity of this claim. *See Ruark v. Solano*, 928 F.2d 947 (10th Cir.1991) (where prisoner alleges total denial of access to legal resources, dismissal is inappropriate). *See also Green v. Johnson*, 977 F.2d 1383 (10th Cir.1992) (denial of access to legal material and law library forms basis of cognizable claim). We recognize that there may be cases where a prisoner is denied access for such a short time that prejudice would have to be shown, otherwise dismissal would be appropriate.[2] However, this alleged six-month denial of all access is not so *de minimis* as to require an exception to the general rule. "A prisoners' [sic] constitutional right of access to legal resources is not conditioned on a showing of need." *Ruark v. Solano*, 928 F.2d at 950 (citing cases). Furthermore, we find that the right of meaningful access to the courts was clearly established at the time of Mr. Housley's incarceration.

◼ Mr. Housley has also stated a claim by alleging that he received only thirty minutes of out-of-cell exercise in three months. Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment. *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992). As this court has stated:

> There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates, and some courts have held a denial of fresh air and exercise to be cruel and unusual punishment under certain circumstances.

*Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir.1987) (per curiam), *citing Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982), and *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979).

In *Bailey*, we found that even a convicted murderer who had murdered another inmate and represented a major security risk was entitled to outdoor exercise. The prisoner was receiving one hour per week of outdoor exercise. Although we found "this amount of exposure to exercise and fresh air" to be "restrictive," we did not consider it cruel and unusual punishment under the circumstances. 828 F.2d at 653. In this case, there is no evidence that Mr. Housley was a particularly high security risk, yet he claims he received far less than the minimal one hour per week that Mr. Bailey was allowed. As was stated in *Davenport v. DeRobertis*, "a failure to provide inmates (confined for more than a very short period . . .) with the opportunity for at least five hours a week of exercise outside the cell raises serious constitutional questions." 844 F.2d 1310, 1315 (7th Cir.1988) (citing cases). Although no precise standards have been set forth delineating what constitutes constitutionally sufficient opportunities for exercise, the right to *some* exercise was clearly established at the time of Mr. Housley's confinement. *See Mitchell v. Rice*, 954 F.2d 187, 192 (4th Cir.1992) ("[A] total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees."), *quoting Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir.1983). Accordingly, this claim was prematurely dismissed. We recognize, of course, that what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates.

◼ The district court also dismissed all of the numerous defendants that Mr. Housley named. The Oklahoma Health Department

---

2. In *Love v. Summit County, supra* at 914, we recognized the possibility that detention may be so brief that a prisoner would not have time to prepare and file a petition to the courts even if library facilities were accessible. There we said:

> Since plaintiff was incarcerated in the Summit County Jail for 7 months and the magistrate found him to be a long term detainee, this manifestly is not a case in which "brevity of confinement does not permit sufficient time for prisoners to petition the courts."

In support of this aside, we quoted from *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir.1975). That court used the example of "an inmate held in jail for only two or three days on the way to a state prison [who] reasonably may await transfer before filing a habeas petition." *Id.*

was properly dismissed because Mr. Housley has failed to plead the individual actions required to state a claim against any person in the Oklahoma Health Department. Similarly, Mr. Housley has failed to demonstrate any personal participation by the County Commissioners in the alleged violations of his constitutional rights. An official is not individually liable unless an affirmative link exists between that official's conduct and the alleged constitutional deprivation. *See Meade v. Grubbs*, 841 F.2d 1512, 1527–28 (10th Cir.1988); *see generally Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Mr. Housley has failed to state a claim for relief against these two parties.

However, Sheriff Williams and Mr. Dodson, the jailer, were dismissed prematurely. The district court found that these defendants were entitled to qualified immunity because they were performing discretionary functions. Government officials are not personally liable for their conduct unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Medina v. City & County of Denver*, 960 F.2d 1493, 1497 (10th Cir.1992). Because we have found that the rights of access to the courts and to some minimal amount of exercise were clearly established constitutional rights at the time of Mr. Housley's incarceration, we cannot sustain the finding of qualified immunity for these two defendants. *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir.1992) ("If preexisting law sufficiently established the contours of the Eighth Amendment cruel and unusual punishment to include exercise deprivations, then prison officials cannot shelter themselves from liability."). A reasonable sheriff and jailer must remain apprised of major constitutional developments concerning inmates' rights.

The grant of the motion to dismiss by Defendants Covey, Webb, and Kelly is affirmed. The grant of the motion to dismiss by Defendant Oklahoma Department of Health is affirmed. The grant of the motion to dismiss by Defendants Williams and Dodson is reversed. This case is remanded to the district court for further proceedings consistent with this opinion. The district court shall allow Appellant to amend his complaint to specify more clearly the relief sought. As this case raises important constitutional questions, the district court should consider appointment of counsel.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.