UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 12/7/95**

ANDREW L. ROBINSON,

     Plaintiff – Appellant,

     v.

JEFF CORRIVEAU, Sheriff, and
DEAN HERNDON,

     Defendants – Appellees.

No 95-1126

(D.C. No. 95-S-303)

(District of Colorado)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.


Appellant Andrew L. Robinson was originally placed in the custody of the Executive Director of the Colorado Department of Corrections (hereinafter DOC) to serve out various felony sentences.  The DOC transferred him to a CAPS program, from which

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993.  151 F.R.D. 470.

he later escaped.  He was apprehended, and he is now incarcerated in the Moffat County Jail awaiting trial on new felony charges relating to his escape.  It appears that Mr. Robinson has been in temporary pretrial detention since September 1994, which adds up to a period in excess of thirteen months.[1]

Mr. Robinson filed this pro se, in forma pauperis civil rights suit against prison officials on February 7, 1995.  He is alleging two different theories of relief under 42 U.S.C. § 1983.[2]  First, Mr. Robinson asserts a violation of his right to equal protection in that the conditions are worse and the policies more restrictive at the county jail than at state DOC facilities.  Second, Mr. Robinson claims that the general conditions of the Moffat County Jail are so bad as to constitute cruel and unusual punishment.  The district court dismissed the

---

[1]  The length of Appellant's pretrial detention, while troublesome, is only indirectly before us as explained supra at 10-11 because Appellant has filed this action under § 1983, and not as a writ of habeas corpus.  Appellant does have a writ of habeas corpus pending in another proceeding.  R. Vol. I, Ex. 4, at 4.

[2] In relevant part, 42 U.S.C. § 1983, provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

claims as legally frivolous under 28 U.S.C. § 1915(d).  We affirm in part and reverse in part.

The dismissal of an in forma pauperis action as frivolous under § 1915(d) is reviewed under an abuse of discretion standard, rather than de novo.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Mr. Robinson's pro se complaint will be liberally construed because he is representing himself.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  An in forma pauperis action may be dismissed under § 1915(d) if the "claim [is] based on an indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

> In reviewing a § 1915(d) dismissal for abuse of discretion, it would be appropriate for the court of appeals to consider, among other things, whether the plaintiff was proceeding pro se . . . whether the court inappropriately resolved genuine issues of disputed fact . . . ; whether the court applied erroneous legal conclusions . . . ; whether the court has provided a statement explaining the dismissal that facilitates "intelligent appellate review," . . . and whether the dismissal was with or without prejudice.

Denton, 504 U.S. at 34 (citations omitted).

We agree with the district court that Mr. Robinson's equal protection argument is legally frivolous, and we affirm the dismissal of this claim.  Plaintiff has acknowledged that he is being held in the Moffat County Jail on a new criminal charge of escape.  See Appellant's Reply Br. at 1.  Mr. Robinson is temporarily out of the custody of the DOC while he remains in pretrial detention at the Moffat County Jail.  The conditions of

3

DOC state facilities and the privileges permitted DOC inmates, who are in long-term custody, are necessarily different from those of inmates in pretrial detention because of the distinction between long-term imprisonment and temporary detention.  See, e.g., Bell v. Wolfish, 441 U.S. 520, 535-39 (1979) (making the distinction between imprisonment for detention purposes, such as a pretrial holding, and imprisonment for the purpose of punishment).  Prisoners cannot expect to have the same privileges and conditions in short-term pretrial detention at a county jail as those provided prisoners in long-term confinement at state prison facilities.

Additionally, there is no constitutional right to be placed in the correctional facility of your choice.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir. 1991).  Conditions at some facilities are clearly better than at others, but there is no constitutional guarantee to be housed in a facility that substantially exceeds the constitution's minimal requirements.

Mr. Robinson is in a unique position because he is not in DOC custody for punishment of a crime, although he apparently is subject to return to DOC custody to complete a prior prison sentence after being tried on the prison escape charge.[3]

---

[3]  Mr. Robinson has previously alleged that he escaped from prison because he was not being legally held.  He claims that he

Instead, he is in pretrial detention at a county jail facility. The Supreme Court has stated that while the Eighth Amendment [4] does not apply to pretrial detention, "Due process requires that a pretrial detainee not be punished." Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Further, "[i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." Id. at 535. "[I]n determining whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word," the trial court "must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." Id. at 538.

> Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment". Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that

had completed serving his previous sentence because some of the sentences were to be served simultaneously. As the district court held in another proceeding, Mr. Robinson is properly being held in pretrial detention because his decision to escape from the facility and not pursue his release through proper legal means was inappropriate. Appellee's Br. at Ex. B.

[4]The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U. S. Const. amend. VIII.

may not constitutionally be inflicted upon detainees <u>qua</u> detainees.

441 U.S. at 539.[5] Finally, the <u>Bell</u> Court noted that "confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment . . . ." 441 U.S. at 542; <u>see</u> <u>Littlefield v. Deland</u>, 641 F.2d 729, 731 (10th Cir. 1981) (affirming a § 1983 judgment against county jail officials for unconstitutional detention of a pretrial detainee in violation of the Due Process Clause).

The Supreme Court in <u>Bell</u> recognized that in some instances what may be cruel and unusual punishment in a long-term facility may not be cruel and unusual punishment under a short-term detention.[6] Thus, what is punishment under the Due Process

---

[5] The Court also cautioned, "Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility." 441 U.S. at 539.

[6] At first glance, it is counter-intuitive that detention conditions falling below the minimally permissible standards of the Eighth Amendment--that is, conditions which amount to cruel and unusual punishment--would not amount to punishment of pretrial detainees in violation of their due process rights. The distinction is necessary for two reasons. First, some defendants must be lawfully held in pretrial detention to ensure their presence at trial. 441 U.S. at 536. Although a detainee may be temporarily deprived of liberty after a finding of probable cause, that temporary detainee may not be punished without due

Clause does not necessarily equate with cruel and unusual punishment under the Eighth Amendment. While it may be true in some instances that what amounts to cruel and unusual punishment under the Eighth Amendment does not amount to punishment in the context of the Due Process Clause--particularly in regard to privileges provided prisoners--in most cases, what is cruel and unusual punishment under the Eighth Amendment also will constitute punishment in the due process context. This is especially true in regard to unsanitary prison conditions. Detention conditions that fail to meet minimal health and safety needs of the prisoners cannot be reasonably related to a legitimate governmental goal.

Under the Eighth Amendment, "a state must provide an inmate with shelter which does not cause his degeneration or threaten his mental and physical well being." Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). Prison officials must provide detainees with living space that has "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)." Ramos, 639 F.2d at 568. We have recognized long-term deprivation of fresh air as a sufficient grounds to state a claim for relief under 42 U.S.C. § 1983.

---

process of law. Id. at 535-36. Second, short-term pretrial detention poses unique security problems when contrasted with prisoners being punished through long-term confinement.

7

Housley v. Dodson, 41 F.3d 597, 590 (10th Cir. 1994); Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987) (per curiam). In Ramos, the record indicated that the prison failed to meet the "minimal health and safety needs of the prisoners", in part, because, "[i]nadequate ventilation, especially in the cells and shower areas, results in excessive odors, heat, and humidity with the effect of creating stagnant air as well as excessive mold and fungus growth, thereby facilitating personal discomfort along with health and sanitation problems." Id. at 569. This court sustained those findings under a § 1983 action, finding the prisoner's conditions to be "'grossly inadequate and constitutionally impermissible.'" 639 F.2d at 570.

Construing Mr. Robinson's pro se pleadings liberally, we are not persuaded that Mr. Robinson's complaint is so "indisputably meritless" that he has not even stated an "arguable claim for relief." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir. 1991). Mr. Robinson complains of overcrowding, lack of shower facilities, unsanitary conditions, deprivation of natural light and fresh air, and improper screening of inmates.

Mr. Robinson alleged in his complaint that he is being subjected to cruel and unusual punishment because, "[t]here are no windows anywhere in our pod, there for [sic] we have no sun light [sic] whatsoever. The ventilation is very poor. They will

8

not let us outside for fresh air.  The manner they serve food is unsanitary.  Inmates are not properly screened before being placed in population."  R. Vol. I, Ex. 3 at 4.

In his brief, Appellant further elaborates on the prison conditions:

> The jail isn't fit to house inmates for a long period of time.  The ventilation system doesn't work properly.  There are no windows for natural light.  The manner and way food is served is unsanitary.  There is no way for fresh air to be brought in from outside.  There isn't enough room for every inmate to sit down at meals.  The shower has two shower heads, only one works, water stands on one side of the shower until it stagnates.  There are odors and bugs coming out of the drains.

Appellant's Br. at 2.

Also, in his brief Appellant cites a study supporting his assertions.  "[T]here was a study completed in July of this year that found the same problems with the jail as I did.  In that report it says there is no window light for inmates, no proper ventilation, no fresh air brought in from outside.  This report can be obtained through the Moffat County Sheriffs Dept."  Appellant's Reply Br. at 1.

Mr. Robinson alleged that he has been deprived of natural light and fresh air for the past seven months (now thirteen months).  It is unlikely that such extended deprivation of natural light and air would meet the minimal health and safety needs of prisoners.  The allegation of "improper screening"

9

suggests that the jail might be admitting inmates with physical or mental health problems.  This could also create a potentially hazardous situation.  The record does not reflect how many inmates are housed at the county jail, but to require a large inmate population to share a single shower might well be constitutionally deficient.  Although inmates may not be entitled to pristine conditions, claims of unsanitary conditions give rise to legitimate concerns about inmate health.  Mr. Robinson claims that some of the inmates are forced to stand at mealtimes because of insufficient seating.  While a shortage of seating might be merely an inconvenience for a short period of time, over a period of weeks the inability to sit down for meals could become an intolerably dehumanizing situation.

The defendants failed to answer Mr. Robinson's complaint before the district court, and they failed to respond to Mr. Robinson's Appellate brief.  We ordered the defendants to file an answer brief.  Defendant's brief acknowledged Mr. Robinson's allegations regarding the conditions at the Moffat County Jail, but failed to address those allegations.

An additional factor relevant to Appellant's complaints regarding jail conditions is the length of his stay.  The fact that the prison facility at issue in Bell was releasing nearly all of its detainees within sixty days was an important factor in the Court's analysis.  441 U.S. at 542-43.  What may be

10

constitutionally adequate for a few days or weeks may become constitutionally impermissible punishment over a multiple-month detention.  Cf. United States v. Salerno, 481 U.S. 739, 747 (1987) (upholding the Bail Reform Act under an unconstitutional detention challenge because the Act provided a prompt detention hearing, the length of detention was limited by the stringent time limitations of the Speedy Trial Act, and because the conditions of confinement reflected a regulatory purpose and not punishment); United States v. Theron, 782 F.2d 1510, 1516 (10th Cir. 1986) (holding that under the Speedy Trial Act a "valid pretrial detention assumes a punitive character when it is prolonged significantly").[7]  At the very least, the threshold level of minimal health and safety needs of pretrial detainees increases as the length of pretrial detention increases.[8]  The fact that Mr. Robinson has been in pretrial detention for in excess of thirteen months may in itself constitute punishment in violation of the Due Process Clause, which might merit an award of damages under § 1983.

---

[7]  Injunctive relief for such a violation, however, should be addressed through a writ of habeas corpus seeking release from detention as the remedy.

[8]  On remand, the district court may want to order a Martinez report on the conditions at the Moffat County Jail, factoring in the average length of pretrial detention at the jail.  See generally Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (per curiam).

Mr. Robinson also claimed he is being denied reasonable access to legal materials and envelopes for legal mail. His recent barrage of complaints seems to suggest that his access to the court has not been unduly impaired. Absent much more specific allegations there is no merit to this claim.

In short, although we cannot say on the inadequate record before us whether the conditions in the jail are sufficiently deficient to constitute punishment in violation of Appellant's right to due process, neither can we dismiss Mr. Robinson's complaints as legally frivolous.

The district court made much of the fact that Mr. Robinson has inundated the court with several civil rights complaints in rapid succession and warned him of the potential consequences of vexatious and frivolous lawsuits. While we are sensitive to the problem of abusive filings by prison inmates, on the slim record before us it appears that Mr. Robinson's frequent filings may be a genuine response to intolerable conditions at the county jail.

The district court has raised questions about the propriety of assessing personal liability for damages against these defendants, and it may well be that the defendants would be entitled to qualified immunity.[9] The court, however, seems to

---

[9] The defendants have not raised immunity as a possible defense.

12

have overlooked Mr. Robinson's admittedly veiled request for injunctive relief. Reading Mr. Robinson's pleadings liberally, we construe his laundry list of complaints not merely as support for his damages claim but as a request that the complained-of conditions be remedied. Indeed, in his <u>pro</u> <u>se</u> brief, he states:

> I would like the court to impose a [sic] order as to where the Moffat County Jail can't hold a [sic] excessive number of DOC inmates at any one given time and I would like the court to rule in my favor for money damages as I have been subjected to cruel and unusual punishment for the last seven months. I would also like the court to inspect the Moffat County jail.

Appellant's Br. at 4.

The district court found that Mr. Robinson has failed to allege personal participation by the defendants (the Sheriff and the head jailer) in the claimed violations. R. Vol. I, Ex. 4 at 2 (citing <u>Bennett v. Passic</u>, 545 F.2d 1260, 1262-63 (10th Cir. 1976)). Also, the district court held that the defendants could not be held liable in a civil rights action through the theory of respondeat superior merely because of their supervisory position. R. Vol. I, Ex. 4 at 2 (citing <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 479 (1986)). Mr. Robinson has stated, however, that the defendants are the persons responsible for setting and enforcing the institutional policies of the jail and the general conditions therein. R. Vol. I, Ex. 3 at 1-2. Mr. Robinson has also stated that he spoke to the head jailer about the conditions

and that the jailer declined to remedy them.  R. Vol. I, Ex. 3 at 5.  The sheriff and the warden, who, on the pleadings, are in control of the jail in question, are the obvious defendants in a suit of this kind, and it is premature to dismiss them.  See, e.g., Housley, 41 F.3d at 600 (denying the sheriff and jailer qualified immunity for civil rights violations at a county jail).  Further, the district court inappropriately resolved this issue of fact in favor of the defendants when the defendants have failed to dispute their direct responsibility or personal involvement.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

We hold that dismissal under 28 U.S.C. § 1915(d) of Mr. Robinson's § 1983 claim for punishment in violation of the Due Process Clause was an abuse of discretion by the district court because his pro se complaint was not legally frivolous.  We affirm the dismissal of his equal protection claim and his access to the courts' claim.  Accordingly, we AFFIRM in part, REVERSE in part, and REMAND this matter to the district court for further proceedings.

Entered for the Court

Monroe G. McKay
Circuit Judge

14