UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 7/2/96**

KENNETH JOHN BARRY,

     Plaintiff-Appellant,

v.

WILLIAM WILSON, RICHARD MILLS,
EDWARD PAKENHAM, ROBERT
MALOUFF, CAPTAIN BROWN, LT.
MILLER, BENT COUNTY
CORRECTIONAL FACILITY, and all
unknown security personnel or agents,
employees under the supervision of the
above-named persons,

     Defendants-Appellees,

MARY TOON and CITY OF LAS
ANIMAS,

     Defendants.

No. 95-1419
(D.C. No. 94-B-1129)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Kenneth John Barry appeals the district court's grant of defendants' motion for summary judgment. Barry, a state prisoner and pro se litigant, brought this action under 42 U.S.C. § 1983 alleging, as pertinent here, that the defendants, all correctional facility personnel, violated his constitutional rights by denying him effective access to the courts and exposing him to "second-hand" environmental tobacco smoke (ETS).

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is "appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### Access to the Courts.

On January 26, 1994, the prison law librarian refused to let Barry make free photocopies because his prison inmate account was $68.00 in debt. When Barry argued with the librarian about this decision, the librarian ordered him out of the library. Prison security

guards were needed to remove Barry from the library because he refused to follow the librarian's order to leave.

A disciplinary charge was issued against Barry for his verbal confrontation with the librarian and his refusal to leave the library. The disciplinary hearing was held five days after the library confrontation. Barry was found guilty of refusing to follow an order and was immediately transferred to a different correctional facility. Barry contends that during the five days pending his disciplinary hearing, he requested prison officials to allow him access to the library and requested paper, pencils and envelopes, but did not receive a reply. This five-day deprivation to legal materials is the basis of Barry's claim he was denied access to the courts.

Meaningful access to the courts includes access to legal books and materials. Bounds v. Smith, 430 U.S. 817, 828 (1977); Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir. 1992). The Supreme Court has also recognized that prison officials have a duty to provide indigent inmates with "paper and pen to draft legal documents." Bounds, 430 U.S. at 824. As a general rule, "[a] prisoner's constitutional right to access to legal resources is not conditioned on a showing of need." Ruark v. Solano, 928 F.2d 947, 950 (10th Cir. 1991). "Nevertheless, we have indicated that the length of incarceration without access to legal materials may affect[ ] whether a prisoner's rights were violated." Beville v. Ednie, 74 F.3d 210, 213 (10th Cir. 1996). In Housley v. Dodson, 41 F.3d 597, 599 (10th Cir. 1994), we recognized that "there may be cases where a prisoner is denied access for such a short time

3

that prejudice would have to be shown." Recently, we held where a prisoner's access to a law library and alternative legal resources was denied for eighteen days, his right to access to the courts was not violated because the denial "was so short and he was not prejudiced by the denial of legal resources." Beville, 74 F.3d at 213.

Barry presented no evidence that the five-day denial or delay of access to legal materials prejudiced him in pursuing any litigation. Barry alleged he was denied access to the library while he was working on a response to a supplemental Martinez report in a pending civil action he had brought. R., Tab 3 at 4; Tab 73, Ex. A at 51 and Ex. B. However, Barry did not allege that he suffered any prejudice in that litigation, and defendants presented evidence, uncontroverted by Barry, that Barry timely filed this pleading several months after the five-day period he was denied access to the library. R., Tab 73, Ex. A at 6 and Ex. B at 1, 5. Barry does not allege any other prejudice or delay. Further, the record is clear that Barry was denied access to the library because of his confrontation with the prison librarian and his refusal to leave the library, not, as he asserts in his opening brief, because he was indigent. R., Tab 3 at 4; Tab 22 at Ex. A.1; see Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980)(holding that the constitutional concept of an inmate's right of access to the courts does not require prison officials to provide an inmate with free or unlimited access to a photocopying machine). Thus, we hold that Barry's right to access to the courts was not violated. Beville, 74 F.3d at 213.

Exposure to Environmental Tobacco Smoke.

A prisoner may establish a claim under the Eighth Amendment by alleging that prison officials "have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). "Deliberate indifference" requires a showing that the prison official knew of and disregarded an excessive risk to inmate health and safety. Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). Barry has failed to make this showing.

Barry's claim is based on the fact that while housed at the Bent County Correctional Facility, his bunk was located in a large open dormitory room that did not have any wall separating smoking and nonsmoking inmates. However, Barry presented no evidence that the levels of ETS to which he was exposed constituted "an unreasonable risk of serious damage to his future health." Helling, 509 U.S. at 35. Barry is not entitled to a completely smoke-free correctional facility.

Moreover, Barry failed to present any evidence that the defendants were deliberately indifferent to his complaints about smoke. The undisputed evidence demonstrates that prison officials tried to move smoking inmates away from his bunk and allowed Barry to visit the doctor every day. R., Doc. 73, Ex. A at 76. The district court's grant of summary judgment with respect to Barry's Eighth Amendment claim was also appropriate.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge