**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY RAY TAFOYA,

      Plaintiff-Appellant,

and

PHYLLIS BARELA; ROBERT
BARELA; MARY EDGELL;
LAWRENCE TAFOYA; ROSE
TAFOYA; GILBERT TAFOYA;
TEDDY TAFOYA; RICHARD
TAFOYA; PAUL TAFOYA;
GILBERT TAFOYA, JR.; MANUEL
ROMERO; CECILIA ROMERO;
GENO TRUJILLO; WANDA
TRUJILL; RAYMOND TRUJILL;
VICTORIA TRUJILLO; BRENDA
TRUJILLO; REGINA TRUJILLO;
CHARMINE TRUJILLO; RUDY
TRUJILLO; ARLENE TRUJILLO;
MAX MARTINEZ; ROSE GARCIA;
DAVID FLANAGAN; ROBERT
TAFOYA; LAURIE TRUJILLO;
EMELIO TRUJILLO; ARLENE
TERRAZAS; RUBY ROMERO,

      Plaintiffs,

      v.

ROY ROMER; GALE NORTON;
ARISTEDES W. ZAVARAS; MARY
WEST; BRAD ROCKWELL;
DONICE NEAL; NOLAN
REINFROW; R. FOSHEE; R.

No. 99-1443
(D.C. No. 99-Z-1448)
(COLORADO)

BASTIDOS; J. HADLEY; C.
WATSON; L. MCALL; L. REID, D.
LINAM; J. DALTON; STEVEN
SHUE; D. BURBANK; R.
MARTINEZ; D. MCCALL; C.
ZENON; KEN SALAZAR; J.
NOLAN; O. NEUFELD; D. HOLT; F.
RUYBALID; L. D. KLEINSASSER;
D. LAWSON; C. SMITH; E. E.
ATHERTON; R. A. SOARES; DR.
MCCALLON; P. A. HOWARD; B.
BRUNELL; KEN GRACZYK; J.
STARK; R. KRAUSE; C. CARLSON;
P. MCCARTHY; L. SIAS; L.
ERICKSON; RICK A. SOARES,

      Defendants-Appellees.

---

# ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Henry Ray Tafoya appeals the dismissal of his amended civil rights complaint for failure to meet the minimum pleading requirements set forth in Fed. R. Civ. P. 8(a).  We affirm.

This litigation began when Mr. Tafoya filed a pro se 177-page civil rights complaint together with 399 pages of attachments which listed Mr. Tafoya and twenty-four other individuals as plaintiffs and forty-one state and prison officials as defendants.  Of the plaintiffs, only Mr. Tafoya was incarcerated.  Because the complaint related to prison conditions, the district court held Mr. Tafoya was the only proper plaintiff.  The district court then found the complaint failed to meet the minimum pleading requirements of Fed. R. Civ. P. 8(a), listing three failings: (1) the complaint failed to set forth a short and plain statement of the claims showing Mr. Tafoya was entitled to relief; (2) the complaint failed to link the specific allegations with specific defendants; and (3) Mr. Tafoya failed to allege personal participation by any of the named defendants.

In response to the court's order, two amended complaints were filed, one by Mr. Tafoya and one by the remaining non-prisoner plaintiffs.  The "Non-Prisoner's Amended Civil Rights Complaint" alleged these plaintiffs' rights were violated by the suspension of Mr. Tafoya's visiting privileges.  The district court dismissed this complaint for failure to allege the denial of a federal constitutional

right.  The non-prisoner plaintiffs do not appeal.[1]

Mr. Tafoya's "Amended Prisoner's Complaint" listed only himself as a plaintiff and alleged fourteen injuries relating to his confinement.  Corresponding to each numbered allegation of injury was a numbered paragraph listing the state and prison officials responsible for the enforcement of various statutes and prison regulations.  Mr. Tafoya's amended complaint named forty defendants in all.

The district court dismissed Mr. Tafoya's amended complaint for again failing to meet Rule 8(a)'s pleading requirements.  The court first found the complaint failed to set forth a short and plain statement of Mr. Tafoya's claims showing he is entitled to relief.  Recognizing that supervisory officials cannot be held liable under 42 U.S.C. § 1983, the district court also noted that most, if not all, of the defendants held supervisory roles.  The only way such defendants could be liable under section 1983 would be if they had personally participated in the alleged injury, which, as the court pointed out, the complaint failed to allege.  The district court therefore dismissed Mr. Tafoya's complaint without prejudice.  Mr. Tafoya appeals this ruling.

---

[1]Mr. Tafoya brings forth two issues on appeal which relate to the non-prisoner's amended complaint.  We dismiss these issues for lack of jurisdiction. The amended notice of appeal fails to list the non-prisoner plaintiffs as parties to the appeal, and such failure deprives this court of jurisdiction over them.  *See* Fed. R. App. P. 3(c)(1) (parties to the appeal must be listed); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 319 (1988) (Fed. R. App. P. 3(c) sets forth jurisdictional requirements for appellate review).

Mr. Tafoya argues both his original and amended complaints meet the minimum pleading requirements of Fed. R. Civ. P. 8(a). Liberally construing both of these complaints, we agree with the district court that they are too rambling and incomprehensible to meet Rule 8(a)'s pleading requirement of a "short and plain statement." *See, e.g.*, *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (imprecise pleadings violate Rule 8(a)'s purpose of giving fair notice to opposing parties and the court); *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) ("rambling" sixty-three page complaint with nine pages of attachments violated Rule 8(a)). Additionally, both Mr. Tafoya's original and amended complaint are targeted toward supervisory officials. The district court was correct that these defendants cannot be held liable under section 1983 absent an allegation of their personal participation in the alleged injury. *See, e.g.*, *Housley v. Dodson*, 41 F.3d 597, 599-600 (10th Cir. 1994) (dismissal correct where § 1983 complaint failed to allege personal participation by supervisory officials); *Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (same). Mr. Tafoya has totally failed to allege facts in support of his conclusory allegations that the defendant officials violated his rights.

For these reasons, we **AFFIRM** the district court's dismissal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge