**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERYCK C. ASTON,

      Plaintiff-Appellant,

v.

PAUL CUNNINGHAM, Captain,
Salt Lake Metro Jail Commander;
SALT LAKE CITY; SALT LAKE
COUNTY SHERIFF'S OFFICE;
SALT LAKE COUNTY JAIL;
SERGEANT HARWOOD; DUANE
JENSON; B. DALTON; STEVEN
WILLDEN; WILLIAM R. ADAMS,
M.D., Salt Lake County Jail Officer;
K. BERRETT, Officer; K. YOUNG,
Officer; SERGEANT DIUL;
SERGEANT COOK; BARSO,
Officer; VICKKI POFF, Sergeant;
L. HUNTER, Officer; S. JENSON,
Officer; R. JORGENSON, Officer;
LEMON, Officer; B. PATRICK,
Officer; CAPTAIN GLAD, all sued in
their individual and official capacities,

      Defendants-Appellees.

No. 99-4156
(D.C. No. 96-CV-44)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Eryck C. Aston, a *pro se* litigant, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint seeking monetary damages for alleged violations of his civil rights during his incarceration in the Salt Lake County Jail in 1995. The district court dismissed his complaint, prior to service of process, on the ground that Mr. Aston had failed to state a claim for relief. *See* R. Doc. 35. We affirm.

BACKGROUND

Mr. Aston filed his initial complaint on January 19, 1996, prior to enactment of the Prison Litigation Reform Act (PLRA). *See* R. Doc. 3. Mr. Aston's complaint alleged that, while incarcerated at the Salt Lake County jail in 1995, he was subjected to numerous conditions of confinement in violation of his constitutional rights. He named as a defendant only Paul Cunningham, the commanding officer of that jail. *See id* . Mr. Aston's complaint merely listed

-2-

a series of allegations, without any supporting facts, information or detail. His list included "[n]o OUTSIDE exercise or recreational time for [nine] months;" overcrowding; inadequate food and clothing; "VERMIN infested living quarters;" assaults by prison guards and fellow inmates; and denial of medical treatment. *Id.* The complaint stated defendant Cunningham was aware Aston had filed grievances, but ignored the situation. *See id* . at 9.

The district court granted Mr. Aston's request to proceed *in forma pauperis* . Prior to service of process, however, the district court entered an order directing Mr. Aston to file an amended complaint because his initial complaint consisted only of vague and conclusory allegations and failed to provide sufficient factual information. *See id.* Doc. 10. The district court directed that any amended complaint conform to detailed directions, which the court attached as an appendix to the order. The appendix directed Mr. Aston to provide such information as the date and place of each alleged event; the alleged misconduct of each defendant and how each defendant personally participated in the alleged events; and the actual injury suffered by Mr. Aston. *See id* ., App. at 1-2. The district court warned Mr. Aston that failure to provide complete information as set forth in the appendix could result in dismissal of his complaint with prejudice. *See id.* at 2.

Mr. Aston did not immediately file an amended complaint, but instead filed a notice of appeal to the Tenth Circuit, which was denied for lack of a final appealable order on January 6, 1997. *See id*. Doc. 23. On July 30, 1997, the district court again entered an order directing Mr. Aston to file a more detailed amended complaint in accordance with the directions in the attached appendix, setting forth the relevant facts, dates, and personal participation of each defendant, or risk dismissal of his complaint. *See id*. at Doc. 24.

Mr. Aston then filed an amended complaint and two pleadings captioned as a brief and a memorandum in support of his complaint on August 28, 1997. *See id.*, Docs. 26, 27 and 28. He added as defendants Salt Lake City, Utah; the Salt Lake County Sheriff's Department; the Salt Lake County Jail; and numerous officers and employees of the jail and the Sheriff's Department. In his amended complaint, Mr. Aston alleged a guard broke his thumb during booking while he was handcuffed; he never saw the sun for a nine-month period in 1995; he was forced to sleep on the floor without a mattress or blanket and roaches crawled over him while he slept; he was forced to wear the same clothes and underwear for three to six weeks at a time; he was not given hygiene items and was unable to shave or shower; he was assaulted by prison guards, requiring stitches; guards handcuffed him and beat him and would have other inmates fight him; he was continually denied medical help, he was denied his outgoing and incoming mail,

-4-

reading materials and access to a law library; and jail staff refused to let him see his attorney. *See id*. Doc. 26 at 4-6. His complaint also alleged that jail officials raided his cell and seized his papers and would beat or punish him for possession of his notes. *See id.* at 5. He alleged generally that all of the jail captains and the Salt Lake County Sheriff's Department were aware that prison officers beat inmates. *See id*. His complaint alleged he was beaten by a Mexican inmate on orders of a guard, requiring forty stitches, performed without anesthesia while he was strapped to a table; the jail building in which he lived was condemned, human feces leaked from the ceiling, the sewer system overflowed into the shower and he had no fresh air or "outside relief" during his entire incarceration. *Id*. at 6. He alleged he pled guilty in order to escape these alleged conditions and that he suffered drastic weight loss, chronic back pain, insomnia, depression, headaches, skin sores, skin cancer, permanent scars, nightmares, vision problems and hair loss as a result of these alleged violations. *See id*. at 6-7.

On November 9, 1998, the district court dismissed Mr. Aston's complaint prior to service of process. The order stated that Mr. Aston had been "given specific and detailed instructions how to remedy the shortcomings of his vague and factually insufficient complaint," but that he had ignored the court's instructions. *Id*. Doc. 35, at 1. Citing 28 U.S.C. § 1915, the district court noted that it was "empowered to summarily dismiss proceedings in forma pauperis

at any time if the court determines that the action is frivolous, malicious or fails to state a claim upon which relief can be granted." R. Doc. 35 at 2. It then dismissed the amended complaint on the ground that plaintiff failed to state a claim. [1]

## ANALYSIS

We review the sufficiency of a complaint *de novo*, upholding a dismissal for failure to state a claim only when the plaintiff failed to plead facts which, if proved, would entitle him to relief. *See Perkins v. Kansas Department of*

---

[1]     Prior to the passage of the PLRA, 28 U.S.C. § 1915(d) (West 1992) permitted a court to dismiss an *in forma pauperis* complaint if the action was "frivolous or malicious." The Supreme Court held, however, that § 1915(d) did not authorize district courts to *sua sponte* dismiss a complaint for failure to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 330 (1989). We have held, however, that a district court may, in certain circumstances, *sua sponte* dismiss a claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See McKinney v. Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). The Prison Litigation Reform Act amended § 1915 to permit, indeed to require, a district court to dismiss an *in forma pauperis* complaint if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (West 2000).

Because the district court cited § 1915, it appears to have based its dismissal of Mr. Aston's complaint on § 1915(e)(2)(B)(ii), as amended by PLRA. This circuit has not had an opportunity to address whether § 1915(e)(2)(B)(ii) applies where, as here, the complaint was filed prior to enactment of PLRA. Nevertheless, we need not resolve this issue here, because we conclude the district court properly dismissed the complaint *sua sponte* regardless of whether the proper basis for the dismissal was Rule 12(b)(6) or § 1915(e)(2)(B)(ii). *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (holding that appellate court is free to affirm a district court decision on any grounds supported by the record).

-6-

*Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). A district court may *sua sponte* dismiss a *pro se* complaint for failure to state a claim only where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged, and allowing the plaintiff an opportunity to amend the complaint would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). When the plaintiff is proceeding *pro se*, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this court will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Mr. Aston filed a notice of appeal and two opening briefs. His opening briefs cursorily refer to his allegations that he was beaten, starved and tortured while incarcerated at the Salt Lake County Jail. He argues that his complaint should not have been dismissed prior to service of process, and that he should have been given an opportunity to oppose the order of dismissal, and amend the complaint to cure any deficiencies. Mr. Aston attached a notice of lis pendens he filed in another federal action and a February 1997 Utah state court complaint seeking the return of property allegedly taken during a May 1992 search of his home.

Mr. Aston was a pretrial detainee at least some portion of time he was incarcerated in the Salt Lake County Jail. [2] While the conditions under which a prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

"The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Id*. (quotation omitted). An inmate claiming that officials failed to prevent harm first "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*

---

[2] It appears from the record that Mr. Aston was incarcerated in the Salt Lake County Jail from December 1994 to approximately September 1995. He pled guilty in May 1995, and was sentenced in July 1995, to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d). *See United States v. Aston*, 103 F.3d 145 (10th Cir. 1996) (unpublished). Mr. Aston was eventually transferred to federal prison, *see Aston v. Bureau of Alcohol, Tobacco and Firearms*, No. 99-4036, 1999 WL 1244468, at *1 (10th Cir. Dec. 17, 1999) (unpublished), and is now on probation following incarceration, *see United States v. Aston*, No. 97-4171, 2000 WL 282308 (10th Cir. Mar. 16, 2000) (unpublished).

*v. Brennan*, 511 U.S. 825, 834 (1994). He must also demonstrate that the officials had a "sufficiently culpable state of mind," that is, their acts or omission arose from "deliberate indifference to inmate health or safety." *Id*. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

Official Capacity

Mr. Aston brought his claim against Salt Lake City, the Salt Lake County Sheriff's Department and the employees of the Sheriff's Department and the Salt Lake County jail in their official capacities. A suit against government officers in their official capacities is actually a suit against the government entity that employs the officers. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A municipality or county can be held accountable to a pretrial detainee for a due process violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91, 694 (1978).

> The plaintiff must . . . demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

-9-

*Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Here, Mr. Aston fails to allege that a policy, custom, or practice of Salt Lake City, the Sheriff's Department or any of the named officials caused any of the alleged conditions at the Salt Lake County Jail or played any part in any of the alleged violations. Indeed, his complaint does not link any of the alleged violations to any policy, custom, or practice of any government entity or named official. [3] Accordingly, Mr. Aston failed to sufficiently allege a § 1983 cause of action against the defendants in their official capacities.

Individual Capacity

Mr. Aston's amended complaint also named the Salt Lake County Jail Commander and jail employees, as well as the employees of the Salt Lake County Sheriff's Department, in their individual capacities. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating that personal participation is an essential allegation in a § 1983 action). Mr. Aston's amended complaint merely identifies the defendants in the caption and fails to allege any facts tending to establish a connection or a link between the alleged misconduct

---

[3] Mr. Aston named the Salt Lake County jail as a defendant. Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued.

and constitutional violations and any of the defendants. Moreover, Mr. Aston failed to allege or to present facts tending to show that any of these defendants knew of and disregarded an excessive risk of harm to him. *See Farmer*, 511 U.S. at 837.

Mr. Aston's amended complaint appears to charge defendant Paul Cunningham as a supervisor of the jail. However, supervisor status alone is insufficient to support liability. "Liability of a supervisor under § 1983 must be predicated on the supervisor's deliberate indifference" and a plaintiff "must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotations omitted). "It is not enough to establish that the official should have known of the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

The district court already allowed Mr. Aston an opportunity to file one amended complaint. *See McKinney*, 925 F.2d at 365 (noting the preferred practice of giving plaintiff notice and opportunity to amend his complaint before it is dismissed). Mr. Aston was expressly directed to provide the information necessary to state a claim, including the alleged misconduct of each defendant and how each defendant personally participated in the alleged events. In his opening

-11-

briefs before this court, Mr. Aston does not suggest any additional information or evidence he could have supplied in order to cure the deficiencies. Even *pro se* litigants must have some minimal level of factual support for their claims. *See Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Thus, even assuming that Mr. Aston's rights were violated, he has alleged no facts tending to show deliberate indifference or personal participation on the part of any of the defendants. Thus, we affirm the district court's dismissal of Mr. Aston's prison condition claims for failure to state a cause of action. *See, e.g., Housley v. Dodson*, 41 F.3d 597, 599-600 (10th Cir. 1994) (dismissal correct where § 1983 complaint failed to allege personal participation by defendants).

Allegations Relating to Events in 1992

Mr. Aston's amended complaint also asserted that during the execution of a search warrant in May 1992, officers of the Salt Lake County Sheriff's Department confiscated some of his property and did not list this property on the search warrant. He alleged this property included gold coins; diamond earrings and rings; over $13,000 in cash; and guns. *See* R. Doc. 26. at 7-8. He also alleged the Salt Lake County Sheriff's Department manufactured criminal charges against him in April 1992. *See id*. at 8. On appeal, Mr. Aston repeats his claim that Salt Lake County sheriffs seized his personal property in 1992 without

a warrant, but appears to abandon his claim that sheriffs manufactured criminal charges against him.

State law determines the appropriate statute of limitations and accompanying tolling provisions for § 1983 actions. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Here, the four-year statute of limitations provided by Utah Code Ann. § 78-12-25(3) would apply to Mr. Aston's seizure of property claims. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Mr. Aston's amended complaint containing the allegation that sheriffs illegally seized his property in May 1992 was not filed until August 28, 1997, more than five years after the alleged event. Therefore, this claim is time-barred and was properly dismissed by the district court.

The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-13-