**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY JAMES CARTER,

      Plaintiff - Appellant,

v.

STANLEY GLANZ, Sheriff, Tulsa
County; CAPT. PEOPLES, Captain,
Tulsa County Sheriff's Department,

      Defendants - Appellees,

JOHN DOE, Sued as: Defendants as
they may be discovered, et al., seq.,

      Defendants.

No. 01-5090

(N.D. Oklahoma)

(D.C. No. CV-99-953-K)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Larry James Carter, a prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's grant of summary judgment in favor of Stanley Glanz and Howard Peeples.[1] Carter brought suit under 42 U.S.C. § 1983 against Glanz, Peeples, and others alleging that they had failed to provide adequate medical care while he was a pretrial detainee housed at the Adult Detention Center, one of the facilities comprising the Tulsa County Jail. The district court granted Glanz's and Peeples' motion for summary judgment, denied Carter's cross-motion for summary judgment, and dismissed Carter's claims against the remaining defendants without prejudice because Carter had failed to serve them. In granting summary judgment in favor of Glanz and Peeples, the district court noted that Carter had failed to come forward with any evidence indicating that either Glanz or Peeples had participated in any way in the alleged constitutional violations. *See Housley v. Dodson*, 41 F.3d 597, 600 (10th Cir. 1994) ("An official is not individually liable unless an affirmative link exists between the official's conduct and the alleged constitutional deprivation."). The district court further noted that Carter had received numerous visits with medical personnel and that Carter's

---

[1]Because Carter's complaint referred to Captain Peeples as "Capt. Peoples," the caption of this opinion does likewise. The correct spelling of his name, however, is "Peeples."

disagreement with the course of treatment prescribed by the jail's medical staff was not sufficient to state a claim of deliberate indifference. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("At most, plaintiff differs with the medical judgment of the prison doctor . . . . Such a difference of opinion does not support a claim of cruel and unusual punishment."). Finally, the district court concluded that to the extent Carter's complaint could be read as stating a claim against Glanz and Peeples in their official capacities, the claim failed because Carter did not allege, and had not demonstrated, that any inadequate medical care he might have received was due to an official policy, custom, or practice of Tulsa County. *See Monnell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

This court reviews the district court's grant of summary judgment in favor of Glanz and Peeples *de novo*. *See Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate if the materials submitted by the parties show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). With this standard in mind, this court has conducted a *de novo* review of Carter's briefs and contentions on appeal,[2] the district court order, and the entire appellate

---

[2]Carter has filed a letter with this court citing several Oklahoma statutes and making further appellate arguments. This court construes the letter as a request to file a supplemental brief. We grant the motion and have considered the supplemental brief to the extent it refers to materials that were presented to the

(continued...)

record. That review leads us to conclude that the district court's thoughtful and comprehensive order fully resolves the case; we have nothing to add to the district court's analysis. Accordingly, this court **AFFIRMS** the district court's grant of summary judgment in favor of Glanz and Peeples for substantially those reasons set out in the district court's order filed May 21, 2001.

ENTERED FOR THE COURT

Michael R. Murphy<br>
Circuit Judge

---

[2](...continued)
district court.