Scott W. **BAILEY**, Plaintiff-Appellant,

v.

Duane **SHILLINGER**,
Defendant-Appellee.

No. 87–1030.

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1987.

Scott W. Bailey, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Terry L. Armitage, Asst. Atty. Gen., the State of Wyoming, Cheyenne, Wyo., for defendant-appellee.

Before LOGAN and TACHA, Circuit Judges, and O'CONNOR, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

The plaintiff is a Wyoming state prisoner. He was sentenced to prison in 1982 for first degree murder. In 1984, he was transferred to a Minnesota prison at his own request. In 1985, he was returned to Wyoming after he murdered another inmate in Minnesota. Upon plaintiff's return, the defendant, warden of the Wyoming state prison, assigned him to a maximum security unit, segregated from the prison's general population.

Plaintiff then commenced this 42 U.S.C. § 1983 suit against defendant, alleging that his classification to the maximum security unit violated his due process rights and constituted cruel and unusual punishment. He also alleged that the defendant had deprived him of exercise and fresh air and that this deprivation constituted further cruel and unusual punishment. Plaintiff requested money damages and an injunction requiring the defendant to reclas-

sify him and to establish an exercise schedule for him.

Defendant moved for summary judgment. He filed an affidavit in which he stated that he had classified plaintiff on the basis of his apparent dangerousness to other inmates. The plaintiff opposed summary judgment and requested access through discovery to all of his classification hearing tapes, all interdepartmental memoranda regarding him, his prison records, and drawings of the segregation unit. The district court granted summary judgment and plaintiff appealed. He argues on appeal that the district court should have denied summary judgment and granted his discovery motion.

Plaintiff's first claim is that defendant denied him his due process rights when he placed plaintiff in maximum security confinement. Plaintiff contends that before being classified he should have received the type of hearing prescribed by *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), including advance written notice of the charges against him, a written statement of the evidence relied upon and the decision reached, and a limited opportunity to call witnesses.

Defendant admits that plaintiff was not afforded those procedures before classification. According to defendant's affidavits, plaintiff has been segregated for administrative reasons involving the safety of the prison employees and other inmates. Classification of the plaintiff into administrative segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). No statute or regulation here gave plaintiff more than the right to present a statement and to be present during the classification hearing. Therefore, defendant was not obligated to provide plaintiff with a hearing of the type prescribed in *Wolff* before classifying him. *Id.* We note that although not constitutionally required to do so, defendant held

---

[*] The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of

Kansas, sitting by designation.

two informal, nonadversary hearings in conjunction with plaintiff's classification. This undertaking does not, by itself, permit us to impose additional procedural safeguards that plaintiff seeks. *Id.* at 471, 103 S.Ct. at 871.

Plaintiff also claims that the warden's decision to place him in segregation constitutes cruel and unusual punishment prohibited by the Eighth Amendment. However, placing an inmate in segregation as a preventive measure does not necessarily violate the Eighth Amendment. *Bono v. Saxbe,* 620 F.2d 609 (7th Cir.1980). Such a decision falls within a prison official's broad administrative and discretionary authority to manage and control the prison institution. *Hewitt v. Helms,* 459 U.S. at 467, 103 S.Ct. at 869; *Marchesani v. McCune,* 531 F.2d 459, 462 (10th Cir.), *cert. denied,* 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976). Absent an abuse of discretion, this court cannot overturn the placement decision. *Marchesani v. McCune,* 531 F.2d at 462.

The warden can impose restrictive conditions of confinement upon plaintiff without violating the Eighth Amendment, as long as those conditions do not "involve the wanton and unnecessary infliction of pain" or are not "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Plaintiff alleges no facts indicating that he suffers from conditions involving either wantonly or unnecessarily inflicted pain, or disproportionately severe treatment for having committed a murder while in prison.

Plaintiff further contends that he has been denied exercise and fresh air while in segregation. There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates, and some courts have held a denial of fresh air and exercise to be cruel and unusual punishment under certain circumstances. *See, e.g., Ruiz v. Estelle,* 679 F.2d 1115, 1152 (5th Cir.1982); *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir.1979). None, however, has ruled that such a denial is per se an Eighth Amendment violation. *See Caldwell v. Miller,* 790 F.2d 589, 600 (7th Cir.1986) ("The Eighth Amendment does not provide a fixed formula for determining whether the effect of particular conditions constitutes cruel and unusual punishment...."). Plaintiff admits that since he brought this suit, the prison officials have constructed an outdoor exercise facility which he is allowed to use for one hour per week. Although this amount of exposure to exercise and fresh air is still restrictive, we cannot say, without more, that it fails to satisfy the demands of the Eighth Amendment. *See id.*

Finally, plaintiff argues that the district court should have granted his discovery request. Further factual development would not have benefited the plaintiff's case since the plaintiff's complaint failed as a matter of law. Therefore, the district court did not err when it declined to rule on the plaintiff's discovery request.

AFFIRMED. The mandate shall issue forthwith.