917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcel R. RIDDLE, Plaintiff-Appellant,
v.
Travis JONES, E. Elkins, L. Meyers, H. Miller, D. Hammond,
S. Watson, G. Burton, M. Gardner, W. Gomoluch, J. Mellinger,
Sergeant, T. Snipes, Sergeant, J. Brown, Sergeant, Hayes,
Sergeant, Carl, Sergeant, R. Greenwood, Sergeant, Gary
Budway, Sergeant, Sanders, Doctor, Betty Davis, Defendants-Appellees.
 No. 90-1118.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Marcel R. Riddle, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Riddle filed suit against Travis Jones and seventeen additional defendants, all officials or employees of the Huron Valley Men's Correctional Facility. Riddle charges the defendants with violating the eighth and fourteenth amendment prohibition against cruel and unusual punishment, with violating Riddle's first and fourteenth amendment rights of access to the courts and due process of law, and with inflicting humiliation, anxiety, and mental anguish through the above violations. Riddle's cruel and unusual punishment argument is based upon allegations of cold meals, delay in dental treatment, refusal to provide aspirin and laxatives upon request, and limiting his exercise to 30 minutes per day indoors in full restraints. His denial of access to the courts and due process argument is based upon denials of two requests to obtain legal assistance from other inmates. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 On appeal, Riddle argues that the district court did not properly consider his claims and that the court's judgment was not specific concerning his medical and legal assistance claims.
 
 
 4
 Upon review we shall affirm the judgment in part and vacate in part. A district court may properly dismiss a complaint under 28 U.S.C. Sec. 1915(d) where it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 Riddle's dietary claim has no arguable basis in law because he has not alleged that the meals provided were nutritionally inadequate or prepared under unsanitary conditions. Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.1983). His inadequate medical care claim is also baseless because he has failed to show deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
 
 
 6
 Riddle's access to the courts claim has no legal basis because he has not shown that he was denied adequate, effective, and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). His due process claim was presented with no factual basis to support it and was thus properly dismissed.
 
 
 7
 There was no error in the dismissal of the pendent state tort claim as the district court has wide discretion over whether to consider pendent state claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 8
 Finally, the district court did err, however, in summarily dismissing as frivolous Riddle's inadequate exercise claim. Courts have stated that some form of regular outdoor exercise is important to the psychological and physical well-being of inmates and its lack may state a cause of action under the eighth amendment. Walker v. Mintzes, 771 F.2d at 927-28; Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.1982); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). The determination of when restricted exercise rises to a level of constitutional magnitude depends upon the facts of each case, including the reasons and the length of time the restrictions are imposed. See, e.g., Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.) (per curiam), cert. denied, 109 S.Ct. 162 (1988); Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir.1987). Since Riddle has alleged that his exercise was limited to 30 minutes per dayindoors in full restraints, he raises an arguable eighth amendment claim that likewise survives the very lenient Neitzke scrutiny. Its dismissal must therefore be vacated and remanded to the district court for further proceedings. Walker v. Mintzes, 771 F.2d at 928. It is noted that while Riddle's transfer to another prison moots his request for injunctive and declaratory relief, it does not moot his claim for monetary relief. See McDonald v. Verble, 622 F.2d 1227, 1233 (6th Cir.1980).
 
 
 9
 Accordingly, Riddle's request for counsel is denied; and the district court's judgment of dismissal is hereby affirmed in all respects except as to Riddle's eighth amendment claim premised upon his claim of inadequate exercise. Rule 9(b)(5), Rules of the Sixth Circuit. To the extent the judgment dismissed this latter claim, the judgment is hereby affirmed as to Sanders and Davis, but is vacated and the case remanded for further consideration as to all other defendants. Rule 9(b)(5) & (6), Rules of the Sixth Circuit.