**Filed 4/11/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

DAVID ZUCCASELLINI,

  Plaintiff - Appellant,

v.

JOHN P. STONE, caseworker, Lone Peak prison facility; KEVIN BROWN, social worker, Wasatch prison facility,

  Defendants - Appellees.

No. 95-4168

D. Utah

(D.C. No. 95-CV-677)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant David Zuccasellini, a prisoner incarcerated at the Central Utah Correctional Facility in Gunnison, Utah, filed a pro se, in forma pauperis civil rights complaint under 42 U.S.C. § 1983, alleging violations of the Fifth and Fourteenth Amendments against two Utah Department of Corrections employees. He later amended his complaint, making substantially the same allegations with additional details. The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), who recommended dismissing the amended complaint as frivolous under 28 U.S.C. § 1915(d). The district court adopted the recommendation and dismissed the case, and Zuccasellini filed this appeal. We affirm.

Zuccasellini's amended complaint alleges the following: On April 26, 1994, Zuccasellini told defendant John P. Stone, a caseworker at the Lone Peak prison facility, about nightmares Zuccasellini had been having.[1] See Am. Compl. at 2 ¶ 1, R. Vol. I. Stone offered to help Zuccasellini through defendant Kevin Brown, a social worker at the Wasatch/Timpanogos prison facilities, provided Zuccasellini wrote down the details of the nightmares. Id. ¶ 2. Stone subsequently asked Zuccasellini on two occasions if he had written down the details yet, expressing concern about helping Zuccasellini before he

---

[1]The amended complaint omits the details, but Zuccasellini clarifies in later pleadings that the nightmares "are about him committing suicide in a Kamikaze fashion that has periodically waken[ed] the plaintiff up in a cold sweat." Opp'n to the Recommendations for Dismissal at 1 ¶ 2, R. Vol. I.

was paroled to a halfway house and about helping Zuccasellini "so that he would not re-offend." Id. ¶¶ 3-4.

After Zuccasellini submitted a written statement about his dreams, Stone and Brown submitted documents about his nightmares to the Board of Pardons, without first confronting him. Id. ¶¶ 5-6. After an interview with Zuccasellini, Brown submitted another document to the Board, stating that Zuccasellini was a threat to the community because of his "recurring nightmares." Id. at 3 ¶¶ 7-8. Stone then submitted to Zuccasellini a "prison level reassessment form" in an attempt to "rescind his prison level 6 to a level three (3)." Id. ¶ 9. Stone also "threatened" Zuccasellini, "stating that he and his friend (defendant #2) Kevin Brown will do their best to bury the plaintiff deep in the prison system." Id. ¶ 10.

On May 25, 1994, Zuccasellini was transferred to the Gunnison facility without any disciplinary sanctions, on the recommendation of defendants Stone and Brown. Id. ¶ 11. As a result of the defendants' alleged conspiracy, Zuccasellini lost his "prison level six," was "transferred to a level two facility," and had his parole date revoked, allegedly denying him a liberty interest and causing him to suffer mental and physical anguish. Id. ¶ 12; id. at 4.

The magistrate judge determined that Zuccasellini "appears to be claiming that his parole date was revoked as a result of the information Brown and Stone gave the Board of Pardons, and that he was transferred from a minimum level facility to the medium level

CUCF." Report & Recommendation at 3, R. Vol. I. He then found that Zuccasellini "appears to be claiming that his due process rights were violated when Brown and Stone submitted information to the Board of Pardons about his recurring nightmares." Id. The magistrate judge relied on case law establishing that Utah's parole statutes do not create a liberty interest in a specific parole date, see, e.g., Malek v. Haun, 26 F.3d 1013, 1015-16 (10th Cir. 1994), and concluded that Zuccasellini has no right to be conditionally released on parole before the expiration of his valid sentence. See Greenholtz v. Inmates, 442 U.S. 1, 7 (1979). Finding no arguable legal basis for a protected liberty interest and insufficient factual allegations to indicate a conspiracy to revoke Zuccasellini's parole, the magistrate judge recommended dismissing the complaint as frivolous under § 1915(d). See Abbott v. McCotter, 13 F.3d 1439, 1440 (10th Cir. 1994). The district court agreed and adopted the magistrate judge's recommendation. See Mem. Decision & Order, R. Vol. I.

We review dismissal of a complaint under § 1915(d) for abuse of discretion, liberally construing a plaintiff's pro se pleadings. Abbot, 13 F.3d at 1440. Dismissal is proper if the claims lack an arguable basis in law or fact. Id. On appeal, Zuccasellini does not take issue with the cases cited by the magistrate judge establishing that Utah's parole statutes do not create a liberty interest. Instead he argues that he "knows that parole is a privilege, and he believes that his liberty interest in that privilege has been violated." Appellant's Opening Br. at 3 ¶ 4. As the magistrate judge noted, nothing in

that argument or in the rest of Zuccasellini's amended complaint, including his allegations relating to revocation of his parole date or of a conspiracy to bring about that revocation, identifies a liberty interest that would provide an arguable basis for a claim under the Due Process Clause. Accordingly, we affirm the decision of the district court on this issue for substantially the reasons stated in the Report and Recommendation.

Zuccasellini's amended complaint also alleges that the defendants caused him to lose his "level six" classification and to be transferred from a lower to a higher level security facility, in violation of a protected liberty interest. See Am. Compl. at 3 ¶ 12. The magistrate judge acknowledged this allegation but did not address it. See Report & Recommendation at 3, R. Vol. I. Zuccasellini raised the issue again in his objection to the Report and Recommendation, citing case law in support. See Opp'n to Recommendations for Dismissal at 1-2, R. Vol. I. The district court likewise recognized the allegation but did not address it. See Mem. Decision & Order at 2, R. Vol. I. Zuccasellini now raises it again on appeal. See Appellant's Opening Br. at 3 ¶ 3.B.

While "[i]t is the general rule . . . that a federal appellate court does not consider an issue not passed upon below," Singleton v. Wulff, 428 U.S. 106, 120 (1976), there are circumstances in which doing so is appropriate, "as where the proper resolution is beyond any doubt." Id. at 121. Such is the case here. The Constitution confers no right to a particular prison classification or to placement in a particular prison. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); Bailey v. Shillinger, 828 F.2d 651, 652 (10th

Cir. 1987).  A liberty interest in this context may only arise from mandatory language in state law and may still be subject to interference by the state if the procedures attendant upon the deprivation are constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-63 (1989).  Moreover, the deprivation must result in a restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995).  Given those standards, Zuccasellini's amended complaint fails to allege facts relating to his reclassification and transfer from which a due process claim -- or, for that matter, any other claim -- may properly be inferred.  Although we liberally construe a pro se plaintiff's pleadings, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."  Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990).  Because Zuccasellini's reclassification and transfer allegation fails to raise an arguable legal claim against the defendants, it was properly dismissed as frivolous under § 1915(d).[2]

---

[2]All other causes of action that may be construed from the complaint have been waived because they were not pressed in the district court or this court.  See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (failure to object to magistrate judge's findings or recommendation waives challenge to those issues); Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir. 1984) (issues not raised on appeal deemed waived).

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge