**Terry Floyd WALLING, Plaintiff,**

v.

**Martin SLUSHER, Deputy Warden of El Dorado Correctional Facility, Defendant.**

**Civil Action No. 94–3280–GTV.**

United States District Court, D. Kansas.

Sept. 26, 1997.

Terry Floyd Walling, Lansing, KS, pro se.

Kevin D. Case, Office of Attorney General, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff, a Kansas state prisoner incarcerated at the Lansing Correctional Facility,[1] brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal con- ity.

---

1. At the time plaintiff filed this lawsuit, he was incarcerated at the El Dorado Correctional Facil-

stitutional rights under the Eighth and Fourteenth Amendments. Defendant filed an answer accompanied by a *Martinez*[2] report (Doc. 29). Defendant also filed a motion for summary judgment (Doc. 38). The court has reviewed the briefing of the parties and is now prepared to rule. For the reasons set forth, defendant's motion for summary judgment is granted.

## I. Background

On August 24, 1993, Howard Burke, a prison official at the El Dorado Correctional Facility ("EDCF"), filed a disciplinary report charging plaintiff Terry Walling with aggravated sodomy in violation of K.A.R. 44–12–314(b).[3] Burke specifically stated that, the prior morning, Walling had attempted to force another inmate to perform an oral sexual act in exchange for "protection." Burke predicated his charge on a confidential report filed by inmate David Schwitzer. According to plaintiff, defendant Michael Slusher, the EDCF deputy warden, was present at the time Schwitzer levelled his allegations of sodomy against plaintiff. Plaintiff claims that Slusher also was present at some point in the past when Schwitzer had accused another inmate, identified in the record only as Davis, of sodomy.

In response to Burke's disciplinary report, prison officials placed plaintiff in administrative segregation pending a hearing on his case. Neither party indicates exactly when plaintiff's disciplinary hearing occurred. It is undisputed, however, that plaintiff received notice of the charges well in advance of the hearing and that the disciplinary board found plaintiff not guilty of the aggravated sodomy. Plaintiff subsequently was transferred out of administrative segregation and back to the minimum security wing of the prison.

## II. Standards

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## III. Discussion

Plaintiff claims violations of his federal constitutional rights arising out of defendant's decision to (1) confine plaintiff to administrative segregation pending a disciplinary hearing; and (2) pursue an investigation and disciplinary hearing on the sodomy allegations made against plaintiff. The court will consider each claim in turn.

### A. Administrative Segregation Pending Hearing

■■■ Plaintiff first alleges that defendant violated his Eighth and Fourteenth Amend-

---

**2.** *See Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978).

**3.** K.A.R. 44–12–314(b) provides, in relevant part, that "[n]o inmate shall force or intimidate another person to commit any kind of sexual act or sodomy. No inmate shall solicit or arrange for the application of force or intimidation by another person in order to commit any kind of sexual act or sodomy against another person. No inmate shall participate in any scheme or arrangement to force or intimidate another person to commit any sexual act."

ment rights by placing him in administrative segregation pending the outcome of his disciplinary hearing. The court disagrees. Assuming that the conditions of confinement do not involve unnecessary infliction of pain, a prison's placement of an inmate in segregation does not constitute cruel and unusual punishment. *Bailey v. Shillinger,* 828 F.2d 651, 653 (10th Cir.1987). Prison administrators must be accorded broad flexibility in matters of internal security, *Sandin v. Conner,* 515 U.S. 472, 482–83, 115 S.Ct. 2293, 2299–2300, 132 L.Ed.2d 418 (1995), and absent a clear abuse of discretion, placement decisions are not subject to judicial review. *Marchesani v. McCune,* 531 F.2d 459, 462 (10th Cir.1976).

■ Nor did plaintiff's administrative segregation confinement violate his Fourteenth Amendment rights. "It is recognized that inmates are not entitled to a particular degree of liberty in prison, and that ordinarily a change in an inmate's prison classification to administrative segregation does not deprive the inmate of liberty." *Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir.1994). Moreover, there is no right independently protected under the Due Process Clause to remain in the general prison population. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869–70, 74 L.Ed.2d 675 (1983). A decision by prison officials to place an inmate in administrative segregation, therefore, does not implicate the Due Process Clause unless the confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300. *Sandin,* which applies retroactively, *Talley v. Hesse,* 91 F.3d 1411, 1413 (10th Cir.1996), makes clear that an inmate's segregated confinement is not such a deprivation. Summary judgment, therefore, is warranted on this claim.

### B. Pursuit of Charges Against Plaintiff

Plaintiff next challenges defendant's decision to allow the disciplinary hearing on plaintiff's aggravated sodomy charges to pro-

ceed. Plaintiff alleges that this decision violated his Due Process and Equal Protection rights under the Constitution. The court finds no merit in this claim.

#### 1. Due Process

[5] Plaintiff contends that defendant violated his Due Process rights by failing to identify the offense for which he was charged prior to transferring him to administrative segregation. The court rejects this argument. Although a prisoner may not be punished prior to an adjudication of guilt in accordance with due process of law, he is not entitled to the full panoply of rights available to citizens outside the prison walls. *Sandin,* 515 U.S. at 484–85, 115 S.Ct. at 2300–01 (citations omitted).

An inmate does have a right to advance written notice of the charges levelled against him and a written statement of the underlying evidentiary foundation for those charges. *Wolff v. McDonnell,* 418 U.S. 539, 563–65, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1974). There is no constitutional requirement, however, that an inmate be given such notice prior to any transfer or change in his prison classification. The Constitution mandates only that a prisoner be given notice of the specific charges no less than twenty-four hours prior to his disciplinary hearing. *Id.* at 564, 94 S.Ct. at 2978–79. EDCF officials afforded plaintiff ample notice of his disciplinary hearing and the basis for the charges against him. Accordingly, the court awards summary judgment to defendant on plaintiff's Due Process claim.

#### 2. Equal Protection

■ Plaintiff further contends that defendant knew Schwitzer's accusations had no factual basis because, in defendant's presence, Schwitzer had falsely accused an inmate named Davis of sodomy on a prior occasion. Although the record provides little insight on this matter, it appears from plaintiff's verified complaint that prison officials simply ignored Schwitzer's allegations against Davis and never conducted an inves-

tigation or hearing. Plaintiff argues that, based on the Davis incident, defendant should have rejected Schwitzer's accusations against plaintiff and not permitted an investigation and hearing to go forward.

An individual's Equal Protection rights are implicated when the government treats him differently than it treats similarly situated individuals. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). If an individual cannot establish that he is a member of a protected class or that he has been denied a fundamental right, the government's conduct will be upheld as long as its actions bear a rational relationship to a legitimate state purpose. *Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir.1996). Plaintiff's only allegation of unequal treatment in the case at bar is that defendant authorized an inquiry into Schwitzer's allegations against plaintiff despite having ignored Schwitzer's accusations against Davis. Plaintiff does not allege that prison officials denied him a fundamental right or that officials treated him differently based on a protected classification. His claim, therefore, is subject only to a rational basis review. *See id.*

It is undeniable that the investigation of sodomy allegations in a prison setting is rationally related to the legitimate state purpose of ensuring inmate safety and institutional order. It is equally clear that prison officials must be given broad flexibility in managing penal facilities. *Sandin,* 515 U.S. at 482–83, 115 S.Ct. at 2299–2300. Absent competent evidence of a discriminatory animus, this court will not second-guess defendant's decision to investigate charges of sodomy against some inmates while ignoring charges against others. Because plaintiff has advanced no evidence of a discriminatory motive on the part of defendant, summary judgment must be granted on plaintiff's Equal Protection claim.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 38) is granted.

**IT IS SO ORDERED.**