**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK M. MUNIZ,

     Petitioner - Appellant,

v.

LAWRENCE A. TAFOYA, Warden,
Southern New Mexico Correctional
Facility; PATRICIA A. MADRID,
Attorney General for the State of New
Mexico,

     Respondents - Appellees.

No. 02-2120
(D.C. No. CIV-02-252-WPJ-DJS)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Frank Muniz, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his petition for writ of habeas corpus. Because he has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

Muniz filed a petition for federal habeas relief asserting two claims. First, he asserted that after he was convicted in New Mexico state court for escaping from a police officer, respondent prison officials violated the Double Jeopardy Clause by using his escape conviction to classify him as an escape risk and placing him in involuntary administrative segregation. Second, he asserted that the New Mexico state courts violated his constitutional rights by refusing to appoint counsel to represent him in his state habeas proceedings. The district court dismissed the petition, concluding no relief was available on the double jeopardy claim, since "[j]eopardy only attaches in an actual criminal proceeding." ROA, Doc. 6 at 1. The district court further concluded that "where, as here, a petitioner's underlying claim is insubstantial, there is not a constitutional right to counsel in a state court collateral proceeding." Id. at 2.

In order for Muniz to make a substantial showing of the denial of a constitutional right, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v.

<u>McDaniel</u>, 529 U.S. 473, 484 (2000) (quotations omitted). Nothing in the facts, the record on appeal, or Muniz' application for COA or brief raises an issue which meets this standard. Muniz' custody classification is not punishment nor part of a criminal prosecution, but rather an administrative method for housing inmates based on past behavior. Thus, the classification does not implicate double jeopardy concerns. <u>See</u> <u>Breed v. Jones</u>, 421 U.S. 519, 528 (1975) (concluding that jeopardy attaches only to proceedings which are "essentially criminal" in nature); <u>Bailey v. Shillinger</u>, 828 F.2d 651, 652 (10th Cir. 1987) (concluding that classification or placement of an inmate in administrative segregation generally does not involve deprivation of a liberty interest). As for Muniz' assertion that he was denied counsel during his state habeas proceedings, the district court correctly noted that criminal defendants, such as Muniz, have no federal constitutional right to counsel to pursue state habeas relief. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 757 (1991).

Muniz' request for a COA is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3