**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN HERRERA,

     Plaintiff-Appellant,

v.

JOE WILLIAMS, Warden, Central NM
Correctional Facility, in his individual and
professional capacities; ROBERT J.
PERRY, Secretary of New Mexico
Department of Corrections, in his
individual and professional capacities;
JOHN DOE, in his individual and
professional capacities; RICHARD ROE,
in his individual and professional
capacities,

     Defendants-Appellees.

No. 03-2248

(D.C. No. CIV-03-981 WPJ/DJS)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **BRISCOE** and **HARTZ,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

submitted without oral argument.

Plaintiff John Herrera, a state prisoner appearing pro se, appeals the district court's dismissal of his complaint for failure to state a claim. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

Herrera is a prisoner at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. He filed his complaint under 42 U.S.C. §§ 1983, 1985, and 1986, claiming officers and agents of the New Mexico Department of Corrections violated his Eighth and Fourteenth Amendment rights. Specifically, he alleged that, without a determination of his mental state, the Central New Mexico Correctional Facility forced him to remain in a maximum security mental health unit. Additionally, in his amended complaint, Herrera alleged post-conviction application of the New Mexico Sex Offender Registration and Notification Act, N.M. Stat. Ann. § 29-11A-1 (2004), violated his rights under the ex post facto clause. The district court dismissed Herrera's complaint for failure to state a claim.

## II.

Refusal to transfer Herrera from a maximum to a medium security facility does not rise to the level of a due process violation. Prisoners do not have a liberty interest in a particular prison classification where the state retains discretion in classifying prisoners. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994); Bailey v. Shillinger, 828

F.2d 651, 652 (10th Cir. 1987).  The Supreme Court has held that classifying a prisoner in administrative segregation does not involve deprivation of a liberty interest independently protected by the Constitution's due process clauses.  See Hewitt v. Helms, 459 U.S. 460, 468 (1983).

Nor has Herrera alleged facts which, if proven, would tend to show he was subjected to cruel and unusual punishment.  "[P]lacing an inmate in segregation as a preventive measure does not necessarily violate the Eighth Amendment."  Shillinger, 828 F.2d at 653.  To prevail, Herrera must allege facts which "involve the wanton and unnecessary infliction of pain" or are "grossly disproportionate to the severity of the crime warranting imprisonment."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

## III.

Although the claim is vague and unclear, Herrera appears to contend that application of the New Mexico Sex Offender Registration Act to him violates the ex post facto clause because he was convicted before the Act was effective.  Among laws prohibited by the ex post facto clause are those that "make[] more burdensome the punishment for a crime, after its commission."  Collins v. Youngblood, 497 U.S. 37, 42 (1990) (internal quotations omitted).  However, sex offender registry laws do not fall within the purview of the ex post facto clause because they impose only *civil* burdens upon sex offenders and do not implicate *criminal* punishments, as required by the ex post facto clause.  See Femedeer v. Haun, 227 F.3d 1244, 1253 (10th Cir. 2000) (analyzing

3

Utah sex offender registry); see also Smith v. Doe, 538 U.S. 84 (2003) (upholding Alaska sex offender registration act against ex post facto clause challenge on grounds that act was intended as a civil, non-punitive statute). Herrera has presented no evidence tending to establish the New Mexico statute is in any way different.

AFFIRMED. All pending motions are DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge