HENRY, Chief Judge,
concurring.
I concur in the majority’s disposition of Mr. Ajaj’s conditions of confinement claim (Claim 3A) because the record and the pleadings before the district court convince me that this deprivation does not violate the Eighth Amendment. As the majority explains, review of the record makes clear that the appellant regularly declined outdoor exercise opportunities. Also, he was allowed indoor recreation. However, I write separately to encourage the govern *588 ment to re-examine its proffered view of the exercise issue and, in particular, outdoor exercise.
On appeal, the government argues, “Ajaj appears to complain chiefly about the restrictions on outdoor recreation, alleging he was denied outdoor exercise for the first year at ADX and not consistently allowed since. However, on its face, this fails to state a claim.” Aple’s Br. at 25 (emphasis added). The government’s assertion that a prisoner, even one in administrative segregation, may not make out an Eighth Amendment claim by alleging a one-year deprivation of outdoor exercise is challenged by our caselaw. Furthermore, the government’s statement and its terse argument were unnecessary under the facts of this case.[1] I agree that, due to Mr. Ajaj’s failure to substantiate his claims adequately, the defendants were entitled to qualified immunity in this case. However, a prisoner who has been deprived of outdoor exercise for one year — especially one with health issues whose doctor has recommended outdoor exercise — could make out an Eighth Amendment claim under the summary judgment standard of review.
Clearly, the Eighth Amendment “does not mandate comfortable prisons,” Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir.1998) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). However, as a general rule, prisoners are entitled to some out-of-cell exercise. In Housley v. Dodson, we held that an inmate alleged an Eighth Amendment violation by claiming to have been afforded only thirty minutes of out-of-cell exercise over the course of three months. 41 F.3d 597, 599 (10th Cir.1994), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). We noted, “[T]here can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment.” Id. at 599. Housley further explained that “a failure to provide inmates (confined for more than a short a very short period ...) with the opportunity for at least five hours a week of exercise outside the cell raises serious constitutional questions.” Id. (internal quotation marks omitted).
Several of our sister circuits have also expressed the view that prisoners are entitled to out-of-cell recreation. For example, the Ninth Circuit has noted that “exercise has been determined to be one of the basic human necessities protected by the Eighth Amendment.” Hearns v. Ter-hune, 413 F.3d 1036, 1042 (9th Cir.2005) (internal quotation marks omitted). The Seventh Circuit has observed that “exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being.” Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir.2001) (finding that prison officials were not entitled to qualified immunity where an inmate in segregated housing alleged a six-month deprivation of out-of-cell exercise). Indeed, “exercise is now regarded in many quarters as an indispensable component of preventative medicine.” Id. (emphasis added); see also Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir.1996) (“We have no difficulty concluding that [three-and-half years’ deprivation of out-of-cell exercise] would run afoul of the Eighth Amendment.”); Rodgers v. Jabe, 43 F.3d 1082, 1087 (6th Cir.1995) *589 (“[R]estrictions on exercise may violate the Eighth Amendment under some circumstances.”); Mitchell v. Rice, 954 F.2d 187, 192 (4th Cir.1992) (“[A] total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees.”); Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.1982) (“Although deprivation of exercise is not per se cruel and unusual punishment, in particular circumstances a deprivation may constitute an impairment of health forbidden under the [Ejighth [Ajmendment.” (internal quotation marks omitted)), vacated in part on other grounds by 688 F.2d 266 (5th Cir.1982).
Federal Bureau of Prisons (BOP) regulations recognize the importance of recreation, both indoor and outdoor. According to BOP regulations, even inmates housed in “control units” — ie., inmates “who are unable to function in a less restrictive environment,” 28 C.F.R. § 541.40 — must have an “opportunity to receive a minimum of seven hours weekly recreation outside of the cell.” Id. at § 541.46(e). The regulations also provide that “staff [in control units] may offer outdoor recreation to inmates, weather permitting.” Federal Bureau of Prisons, Program Statement No. 5212.07 (Control Unit Programs), at 12 (supplying commentary for 28 C.F.R. § 541.46(e)(1)), available at http://www. bop.gov/DataSource/execute/dsPolicyLoc. The American Correctional Association’s Standards for Correctional Institutions, a publication referenced in the BOP regulations governing the recreation of general population prisoners,[2] recommends that inmates be provided with ample space for indoor and outdoor recreation. See American Correctional Association, Standards for Adult Correctional Institutions 43, 74 (4th ed.2003); Federal Bureau of Prisons, Program Statement No. p5370-70, Inmate Recreation Programs 3 (June 25, 2008), available at http://www.bop.gov/ DataSource/execute/dsPolicyLoc (citing American Correctional Association, Standards for Adult Correctional Institutions (3d ed.1990)).
Though BOP regulations do not appear to require outdoor recreation for all inmates under all circumstances, our cases demonstrate that a deprivation of outdoor exercise may amount to an Eighth Amendment violation, even when an inmate is afforded some measure of indoor exercise. This is because, as the majority opinion in this case notes:
There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates, and some courts have held a denial of fresh air and exercise to be cruel and unusual punishment under certain circumstances.
Maj. Op., at 583-84 (quoting Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir.2006) (quoting Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir.1987) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979) (Kennedy, J.) (collecting cases)))); see also Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996) (“Deprivation of outdoor exercise violates the Eighth Amendment rights of *590 inmates confined to continuous and long-term segregation.”).
Our cases suggest that the general rule entitling prisoners to outdoor exercise may not be violated, absent a strong justification. In Bailey, for example, we acknowledged that “a convicted murderer who had murdered another inmate and represented a major security risk was entitled to outdoor exercise.” Housley, 41 F.3d at 599 (emphasis added) (citing Bailey, 828 F.2d at 653). We did not find an Eighth Amendment violation in Bailey, but we observed that the inmate was permitted to exercise in an outdoor facility for one hour per week. Bailey, 828 F.2d at 653. In fact, we cabined our holding in Bailey, avoiding a suggestion that a more complete deprivation would be permissible: “Although this amount of exposure to exercise and fresh air is still restrictive, we cannot say, without more, that it fails to satisfy the demands of the Eighth Amendment.” Id. (emphasis added).
In Perkins v. Kansas Dep’t of Corrections, 165 F.3d 803, 809-10 (10th Cir.1999), which the government did not address before this court, we held that a one-year deprivation of outdoor exercise did give rise to an Eighth Amendment claim. There, a prisoner was “permitted to leave his cell for thirty minutes each day, to take a shower ... [and was not] permitted to exercise outside his cell for over a year.” Id. at 810 (emphasis added). While the prisoner had been deprived of all out-of-cell exercise, we labeled Mr. Perkins’s argument a “claim for deprivation of outdoor exercise.” Id. (emphasis added). Relying on then-Judge Kennedy’s discussion of fresh air and outdoor exercise in Spain, we found that Mr. Perkins’s alleged deprivation of outdoor exercise was sufficient to state an Eighth Amendment claim. Id. (holding that the “district court erred when it held that plaintiffs allegations about the extended deprivation of outdoor exercise showed no excessive risk to his well-being”) (internal quotation marks omitted) (emphasis added).
Similarly in Fogle, we held that a prisoner who had been placed in administrative segregation after repeated escape attempts articulated an Eighth Amendment claim when he alleged he had been “denied all outdoor exercise for the three years he was in administrative segregation.” 435 F.3d at 1259-60. In that case, the prisoner acknowledged that he was “allowed access to a cell with a pull-up bar a few times each week.” Id. at 1260 n. 4. However, consistent with Perkins, we observed that “the district court erred as a matter of law in concluding that a prisoner must allege denial of all exercise, not just outdoor exercise, to present an arguable claim” under the Eighth Amendment. Id. at 1260 (citing Perkins, 165 F.3d at 810).
While our cases recognize that prisoners are generally entitled to outdoor exercise, a denial of outdoor exercise is not an Eighth Amendment violation per se. See Bailey, 828 F.2d at 653. As we have recognized, “[t]he Eighth Amendment does not provide a fixed formula for determining whether the effect of particular conditions constitutes cruel and unusual punishment.” Id. (internal quotation marks omitted). The length of a deprivation of outdoor exercise necessary to trigger an Eighth Amendment violation may vary, depending the government’s justifications for the deprivation. See Perkins, 165 F.3d at 810 n. 8 (observing that “what constitutes adequate exercise will depend on the circumstances of each case” including “penological considerations”); cf. You-sef v. Reno, 254 F.3d 1214, 1219 (10th Cir.2001) (noting that prisoners convicted of terrorist activities may be subjected to Special Administrative Measures, “in 120 *591 day increments,” including administrative detention and limited contact with others).
Particularly in light of the principle that “what constitutes adequate exercise will depend on the circumstances of each case,” Perkins, 165 F.3d at 810 n. 8, the government has offered this court surprisingly little factual analysis in this case. The government has instead supplied us with the broad assertion that Mr. Ajaj “fail[ed] to state a[n Eighth Amendment] claim,” Aple’s Br. at 25, by alleging that he had been deprived of outdoor exercise for one year. The government cited two opinions, our decision in Bailey and one case from the Fifth Circuit, but neither provides any support for the government’s contention. First, Bailey actually supports the position that an alleged one-year deprivation of all outdoor exercise could amount to an Eighth Amendment claim, as the Bailey court carefully observed that one hour of outdoor exercise per week was “restrictive,” even if it was not in violation of the Eighth Amendment under those circumstances. 828 F.2d at 653. Similarly, in Wilkerson v. Maggio, 703 F.2d 909, 911-12 (5th Cir.1983), the government’s second case, the court held that prison officials were entitled to qualified immunity, notwithstanding the prisoner’s contention that he had been denied outdoor recreation for approximately five years. However, the court reasoned that Mr. Wilkerson was permitted to exercise regularly in a room that was “about thirty yards long” and was “lined with windows which permitted fresh ah' to enter the cell block area.” Id. at 912. Unlike Mr. Wilkerson, Mr. Ajaj alleged — although he ultimately did not support the claim with particularized factual assertions — that he was denied access to fresh air and sunlight for one year.[3]
While I disagree with the government’s apparent contention that Mr. Ajaj failed to allege an Eighth Amendment violation when he asserted that he was denied outdoor exercise for one year, I agree that the defendants are entitled to qualified immunity. As the majority correctly observes, the record generated before the district court — which the government did not address in depth before this court— demonstrates that Mr. Ajaj was offered, but refused, outdoor exercise on several occasions during his first year at ADX. The record also suggests, and Mr. Ajaj does not dispute, that prison officials afforded him regular solitary indoor exercise opportunities (as seems warranted by these facts). Therefore, I join the majority’s opinion.
Nonetheless, as noted above our cases clearly suggest that failure to allow adequate exercise (in most cases with an outdoor component) for a period of a year raises real constitutional concern. As federal prisons aspire to the standards of the ACA and must follow Eighth Amendment jurisprudence, I am perplexed that the government did not explicitly discuss the facts that allowed it to prevail.

. The government adds, ”[T]he record demonstrates that the main reason he has had less outdoor exercise is that he has refused it.” Aple's Br. at 25. This opaque reference to the record concludes the government's short discussion of Mr. Ajaj's alleged deprivation of outdoor exercise.

. The American Correctional Association (ACA) offers accreditation to correctional institutions that comply with its standards. According to the Department of Justice (DOJ), "[T]he BOP utilizes ACA to obtain an external assessment of its ability to meet the basics of corrections.” The United States Department of Justice, Strategic Plan 2000-2005, Strategic Objective 5.3, Strategies to Achieve the Objective, available at http://www.usdoj.gov/ archive/mps/strategic2000_2005/goal5.htm. Further, DOJ noted, "BOP will continue to prepare all activated facilities for accreditation with the [ACA]." Id.

. The government’s opening brief also discussed In re Long Term Segregation of Inmates Designated as Five Percenters, 174 F.3d 464 (4th Cir. 1999), which it characterized as "the most analogous published decision” addressing an Eighth Amendment conditions of confinement claim involving an inmate housed in administrative segregation. Aple’s Br. at 24. Although the government did not cite this case for the proposition that a one-year deprivation of outdoor exercise could not violate the Eighth Amendment, I note that the In re Long Term Segregation court did not discuss outdoor recreation; it appears that the prisoners did not raise the issue. Rather, the court simply noted that approximately five hours of exercise per week did not violate the Eighth Amendment under the facts of that case. See id. at 471-72.