F I L E D
United States Court of Appeals
Tenth Circuit

OCT 2 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN JAMES,

      Plaintiff-Appellant,

v.

UNKNOWN WILEY and UNKNOWN
SKITON,

      Defendants-Appellees.

No. 97-6056
(D.C. No. CIV-96-0082-R)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Plaintiff-appellant Steven James, a black North Carolina prisoner who was

housed for forty days at the Great Plains Correctional Facility in Hinton,

Oklahoma, has alleged violations of his constitutional rights under the Eighth and

Fourteenth Amendment. The district court granted summary judgment to the

defendants, employees at the privately operated prison, ruling that the plaintiff

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

failed to present sufficient evidence of any constitutional violations in the treatment he received. Finding no error in the district court's decision, we affirm for substantially the same reasons given by the district court.

I.

Mr. James was transferred to the Great Plains Correctional Facility on August 25, 1995, and three days later, prison officials placed him in administrative segregation after discovering that Mr. James's co-defendant also was present in the prison and concluding that the two might be a danger to each other. (See R., Mag. J.'s Report & Recommendation, at 1-2.) Approximately two weeks after being placed in administrative segregation, Mr. James complained to prison officials of chest pains and shortness of breath. (See R., Dist. Ct. Mem. Op. & Order at 3.) He was attended by prison personnel within five minutes of his complaint, and he was treated by a prison licensed practical nurse within 90 minutes. (See id. at 1-2.) He was treated by a nurse and then a physician the next day, with the doctor prescribing medication for a stomach ailment. (See id. at 2.) Mr. James contends that he was not suffering from a stomach ailment, but rather had a respiratory problem. (See id.)

Mr. James, proceeding pro se, filed this civil action in forma pauperis under 42 U.S.C. § 1983, alleging that the defendants violated his due process rights under the Fourteenth Amendment by placing him in administrative segregation;

violated his equal protection rights under the Fourteenth Amendment by treating him differently than white inmates in administrative segregation; and violated his right against cruel and unusual punishment under the Eighth Amendment by failing to provide fresh air, exercise, and adequate medical care in the administrative segregation unit. (See id. at 2.) Mr. James sought a declaratory judgment and money damages in excess of $100,000. (See R., Complaint, ¶ 9.)

The district court referred the case to a magistrate judge, who reviewed the prison's Martinez report, see Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir. 1978), and recommended that the district court award summary judgment to the defendants. (See R., Mag. J.'s Report & Recommendation, at 8.) After reviewing the report and the record de novo, the district court adopted the magistrate judge's findings and granted summary judgment to the defendants. (See R., Dist. Ct. Mem. Op. & Order at 5.)

## II.

We review a district court's grant or denial of summary judgment on constitutional claims de novo. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). We examine the factual record and the reasonable inferences therefrom in the light most favorable to the non-moving party. See id. If the movant carries his initial burden of showing no dispute over material facts, the opposing party may not rest on his pleadings, but he must set forth specific facts

showing a genuine factual issue for trial.  See id.  In a case brought pro se, we construe the plaintiff's pleadings liberally, but we will not supply additional factual allegations to round out the pleadings.  See Witney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In this case, we affirm the district court's judgment because Mr. James has failed to meet his burden of showing a genuine issue for trial.  First, Mr. James has no constitutional liberty interest with respect to whether he is housed in administrative segregation as long as the conditions of the segregation are not atypical of normal prison life.  See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that a prisoner has a liberty interest only in being free from restraints that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").[1]  Mr. James has failed to provide evidence that the conditions in the Great Plains administrative segregation unit, particularly when limited to a duration of forty days, are atypical from the ordinary incidents of prison life, and thus, he fails to establish that he had a protected liberty

_____

[1]The magistrate judge in this case relied on pre-Sandin case law that made a distinction between punitive and non-punitive administrative segregation for due process purposes. (See R., Mag. J.'s Report & Recommendation, at 4-5.)  This distinction, however, is no longer dispositive under Sandin.  As the Court noted in Sandin, the conditions of punitive and non-punitive segregation in the Hawaii prison system were virtually identical.  Sandin, 115 S. Ct. at 486.  Thus, the crucial question is not the semantic label attached to the segregation but whether the conditions of the segregation impose "atypical and significant" hardships.  See id. at 484.

- 4 -

interest.  The decision to place Mr. James in administrative segregation for his own protection and for the protection of his co-defendant did not deprive him of any constitutional rights.

Second, Mr. James has failed to show any credible evidence of discriminatory intent in the manner of his custody in the administrative segregation unit.  As a result, Mr. James has failed to present a colorable claim that his right to equal protection has been violated, and the district court properly dismissed this claim.  See Watson v. City of Kansas City, Kansas, 857 F.2d 690, 694 (10th Cir. 1988) ("[T]o survive summary judgment, the plaintiff must go beyond her pleadings and . . . provide evidence that discrimination was a motivating factor for the defendants.").

Third, Mr. James' Eighth Amendment claim that he received inadequate medical care is insufficient as a matter of law because he has failed to show any deliberate indifference on the part of the defendants.  To survive summary judgment, a claim under the Eighth Amendment must show both that the state action has denied the plaintiff "the minimal civilized measure of life's necessities" and that the state actors have shown "deliberate indifference" to the plaintiff's needs.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Furthermore, when a prisoner does in fact receive medical care, he has no Eighth Amendment claim based merely on his disagreement with the nature of the care provided.  See

Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992).  In Mr. James' case,
prison employees responded as quickly as possible to his medical complaints.
(See R., Dist. Ct. Mem. Op. & Order, at 3-4.)  Thus, the district court properly
dismissed the Eighth Amendment claim.

Finally, although the district court did not explicitly address Mr. James'
claim for cruel and unusual punishment based on a deprivation of fresh air and
exercise, we find this claim groundless.  We have held that a prison exercise cell
in an administrative segregation unit meets the minimum standards for exposure
to fresh air and exercise.  See Housley v. Dodson, 41 F.3d 597, 599 (10th Cir.
1994).  Mr. James has not alleged that he was prevented from exercising in the
administrative segregation unit's exercise cell.  Thus, this claim also properly was
dismissed.

For the foregoing reasons, we AFFIRM the judgment of the district court.
The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 6 -