**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

TIMOTHY LYNN BARKUS,

    Plaintiff-Appellant,

v.

STEPHEN W. KAISER, Warden; CHARLES
BREWER, Unit Manager of Unit A-South D.C.F.;
TAYLOR CHANCELLOR, Chief of Security;
JANET BRYANT, Unit Manager of Unit C North;
SADA JONES, Case Manager; KING, Officer,
Property Officer at Davis Correctional Facility;
JOHNSON, Chief of Security at Davis
Correctional Facility,

    Defendants-Appellees.

No. 00-7044
(E.D. Okla.)
(D.Ct. No. 98-CV-510-S)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Timothy L. Barkus, an inmate appearing *pro se*, appeals the district court's decision dismissing his civil rights complaint filed under 42 U.S.C. § 1983. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

In his civil rights complaint, Mr. Barkus alleged his thirty-three day placement in a restrictive housing unit, known as a "Phase Program," constituted disciplinary segregation, subjecting him to double jeopardy and denial of due process and equal protection in violation of the United States and Oklahoma Constitutions. Mr. Barkus also alleged his placement in the Phase Program violated Oklahoma Department of Corrections' rules and regulations.

In addressing the allegations in Mr. Barkus' complaint, the district court noted both the State's *Martinez* report and supporting affidavit showed the Phase Program is used as part of a behavior modification program and does not constitute punishment or disciplinary segregation. The *Martinez* report and supporting affidavit further stated the Phase Program "was created for the safety of both the prison officials and the inmates in the general population who do

choose to abide by [the] rules." The district court determined Mr. Barkus failed to demonstrate his placement in this program, especially when limited to thirty-three days, was atypical of the ordinary incidents of prison life. Specifically, the district court concluded Mr. Barkus possessed no constitutional right to incarceration in any particular prison or portion of a prison, and that the "vague and conclusory" allegations in his complaint did not establish a protected liberty interest. The district court dismissed Mr. Barkus' complaint as frivolous under 28 U.S.C. § 1915(e), determining it was without merit because it lacked an arguable basis either in law or fact.

On appeal, Mr. Barkus raises the same issues addressed by the district court. In so doing, Mr. Barkus contends the district court erred in: 1) stating his allegations were vague and conclusory; and 2) relying on information in the *Martinez* report, instead of holding an evidentiary hearing. Mr. Barkus also continues to allege his placement in the Phase Program amounted to a form of severe and restrictive discipline or punishment "far from what is considered normal for the rest of the inmate population." Mr. Barkus also asserts for the first time on appeal that officials of the private prison where he is incarcerated violated their contract with the state when they placed him in the Phase Program.

We review the district court's dismissal of Mr. Barkus' complaint as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). While we construe Mr. Barkus' *pro se* pleadings liberally, *see Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989), we generally will not consider issues raised for the first time on appeal, *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992), or conclusory and unsupported § 1983 allegations. *See Durre*, 869 F.2d at 545.

Applying this standard, and giving Mr. Barkus' *pro se* allegations a liberal construction, we hold the district court did not abuse its discretion in concluding Mr. Barkus' civil rights complaint is frivolous. Clearly, the allegations in his civil rights complaint are generally vague and conclusory with no arguable basis for relief in either law or fact. *See Abbott v. McCotter*, 13 F.3d 1439, 1440 (10th Cir. 1994). The only fact-specific allegations in Mr. Barkus' sworn complaint indicate inmates in Phase I of the Phase program are only allowed to watch television for one hour five nights a week, and are restrained by handcuffs, belly chains and shackles before being taken to watch television and to the shower. We find these allegations insufficient to establish a constitutional violation, especially in light of the fact Mr. Barkus spent only seven or eight days in the most restrictive Phase I of the program, and a total of thirty-three days in the

-4-

entire Phase Program. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (determining thirty days punitive isolation is not an "atypical, significant deprivation."); *see also James v. Wiley*, 125 F.3d 862, 1997 WL 606985, at *2 (10th Cir. Oct. 2, 1997) (unpublished opinion) (concluding defendant failed to show placement in administrative segregation unit was atypical of ordinary incidents of prison life, particularly when limited to a forty day duration); *Janke v. Price*, 124 F.3d 216, 1997 WL 537962, at *2 (10th Cir. Sept. 2, 1997) (unpublished opinion) (holding defendant's fourteen day punitive isolation "'did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'")

Moreover, classification or placement of an inmate into administrative segregation generally does not involve deprivation of a liberty interest. *See Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987). As we have previously stated, "[t]he due process rights of prisoners are subject to reasonable limitation or restriction in light of the legitimate security concerns of the institution ... , and 'the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), and citing

*Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979)). In sum, Mr. Barkus fails to show the Phase Program "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *See Penrod*, 94 F.3d at 1406 (quoting *Hewitt*, 459 U.S. at 468).

In so holding, we acknowledge a *Martinez* report cannot resolve material disputed factual issues when they are in conflict with the pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). However, in this case, the district court could rely on the *Martinez* report in dismissing the complaint because Mr. Barkus made conclusory and unsworn allegations in his attempt to controvert the report's factual findings.[1] *See Vestar v. Hudson*, 216 F.3d 1086, 2000 WL 702872, at *2 (10th Cir. May 26, 2000) (unpublished opinion); *Olson v. Coleman*, 993 F.2d 1551, 1993 WL 141135, at *1 (10th Cir. April 28, 1993) (unpublished opinion). In addition to his conclusory objections to the *Martinez* report, we note Mr. Barkus did submit the sworn affidavit of another inmate placed in the restrictive housing unit who asserts he was denied items of personal

---

[1] Mr. Barkus received an opportunity to respond to the *Martinez* Report and his response consisted merely of assertions of perjury and deceit by the state defendants, conclusory allegations he and others were subjected to discipline by placement in the Phase Program, and identification of individuals he believes can controvert the facts set forth in the report. This is insufficient to show any conflict of facts.

property such as a radio or television and clothing, required to wear handcuffs, belly chains and leg shackles when taken to the shower, and brought meals on trays which were passed through a slot. For the same reasons we rejected similar allegations raised in Mr. Barkus' sworn complaint, we find this sworn affidavit insufficient to controvert the findings in the *Martinez* report[2] or show Mr. Barkus suffered treatment constituting punishment or denial of due process or equal protection in violation of either the United States or Oklahoma Constitutions.

While Mr. Barkus asserts the district court erred in not holding an evidentiary hearing, we note the district court did not need to resolve any factual dispute through the use of an evidentiary hearing because Mr. Barkus presented conclusory allegations to support his complaint. *See Robinson v. Gibson*, 201 F.3d 448, 1999 WL 1009497, at *2 (10th Cir. Nov. 8, 1999) (unpublished opinion). Finally, because we will not consider issues raised for the first time on appeal, we decline to address Mr. Barkus' contention officials of the private prison where he is incarcerated violated their contract with the state when they placed him in the Phase Program.

---

[2] The *Martinez* report and supporting affidavit acknowledge prisoners in Phase I of the Phase Program experience restricted privileges and freedoms for the purpose of inducing behavior modification.

Thus, for substantially the same reasons articulated by the district court, we **AFFIRM** the district court's dismissal of Mr. Barkus' complaint as frivolous under § 1915(e)(2)(B)(i). In so doing, we consider the district court's dismissal of Mr. Barkus' complaint a "strike" under 28 U.S.C. § 1915(g) to be applied toward any of Mr. Barkus' future filings. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Section 1915(g) is the *in forma pauperis* statute which requires a prisoner with three strikes to prepay the entire filing fee before federal courts may consider his or her civil action and appeal. *Id.* at 778. A copy of this order shall be filed in the records of the United States Court of Appeals for the Tenth Circuit related to repeat frivolous filers.[3]

> **Entered by the Court:**
>
> **WADE BRORBY**
> United States Circuit Judge

---

[3] We remind Mr. Barkus the district court in this case granted his motion to proceed *in forma pauperis* on appeal, payable in partial payments. We remind Mr. Barkus of his obligation to make partial payments until the entire fee is paid.